## PERKINS v. JONES & LEAGUE.

1. **Practice:** CHANGE OF VENUE: AFTER VERDICT. The statute does not authorize a change of venue after-verdict and while a motion for new trial is pending.

*Appeal from Cass Circuit Court.*

TUESDAY, DECEMBER 14.

THE plaintiff brings this action to recover of the defendants damages for the unlawful sale of intoxicating liquors to the husband of plaintiff. The cause was tried to a jury, and on the 23d day of April they returned a verdict for the plaintiff for $550. On the 24th day of April the defendants filed a motion for a new trial, on the ground that the verdict is contrary to evidence and law, and that the court erred in giving and refusing instructions and in admitting and excluding evidence. On the 27th day of April the plaintiff filed a motion for a change of venue, supported by the proper affidavit, on the ground of the prejudice of the judge. The court thereupon refused to entertain the motion for a new trial, and ordered that the cause be changed to the Adair Circuit Court. The defendants excepted and appeal.

*Phelps & De Lano*, for appellants.

*Temple & Phelps*, for appellee.

DAY, J.—The sole question involved is whether after verdict, and whilst a motion for a new trial is pending, a change of venue may be awarded to another court. We are clearly of opinion that such change cannot be granted. There are many reasons against granting a change at such stage of the proceedings. Section 2590 of the Code provides that a change of the place of trial may be had. Section 2739 of the Code provides that a trial is a

1. PRACTICE; change of venue: after verdict.

judicial examination of the issues in an action, whether they be issues of law or of fact. Now it cannot be claimed that the passing upon a motion for a new trial is the examination of an issue of fact or of law in the case. It is no more than a review of the question whether the issues of law or of fact have already been properly determined, or whether they shall again be submitted to adjudication. Section 2838 of the Code provides that the application for a new trial must be by motion. The very name, *motion for a new trial*, suggests that the passing upon the motion is not a trial, but simply a determination whether any further trial shall be allowed. The inconveniences of submitting to a court, other than the one which tried the case, the determination of the question, whether a new trial should be granted would be incalculable, and in many cases would result in a practical denial of justice. Attached to every case there is an unwritten history which can never be presented to any other court than that which tried the cause. The degree of intelligence of the witnesses, their manner of testifying, their deportment upon the trial, can never be presented to any other than the trial court. It is for this reason that this court so reluctantly interferes with an order of the *nisi prius* court, granting or refusing a new trial upon the testimony.

If the evidence has not all been taken down upon the trial, no other than the trial court can know any thing about the evidence; and if the testimony has been taken down in short hand the party moving for a new trial must, if the determination of the question is sent to another court, be to the expense of procuring a translation of the reporter's notes, before he can have his motion determined. Other objections to the granting of a change of venue at such stage of the proceedings might be pointed out, but we deem it unnecessary. In our opinion the statute does not authorize a change of venue under the circumstances disclosed. The appellee urges that the statute provides that a change of venue may be had at any time during the pendency of the action. The statute

contains no such provision. Surely it would not be claimed that a change of venue could be taken pending the introduction of evidence, or the arguments to the jury.

In allowing the change of venue the court erred.

REVERSED.