BENNETT v. CAREY.

1. **Venue:** CHANGE OF: AUTHORITY OF THE COURT. A court has no authority upon its own motion, to change the venue of a case, whether for the trial of a part or all the issues involved therein; and the fact that an application for a change of venue had been filed and sustained in another case, involving the same issues, is no ground for such change.

2. ————: ————: WAIVER OF. An erroneous order for a change of venue is not waived by the party going to trial without objection in the court to which the case is sent.

*Appeal from Page District Court.*

WEDNESDAY, DECEMBER 7.

THIS is a proceeding by petition under Code, sections 3155–3162, to obtain a new trial in an action at law in which the defendant herein was plaintiff. The judgment was vacated and it was found that the defendant therein had a good and complete defense to the action, and final judgment was entered accordingly. Defendant appeals.

*Hepburn & Thummel* and *James McCabe,* for appellant.

*W. W. Morseman* and *W. P. Ferguson,* for appellee.

BECK, J.—I. On the 17th day of June, 1878, judgment by default was rendered against Bennett, the plaintiff herein, in the Circuit Court, in an action in which Carey, the defendant herein, was plaintiff and Bennett and others were defendants. On the 28th day of the same month and after the term Bennett filed his petition in this case praying that the judgment be set aside and that his defense to the action be tried and determined. The allegations of the petition we need not recite.

It appears that a trial was had in the Circuit Court to a jury and by their special findings it was determined that the judgment was obtained by misconduct of the prevailing party and through irregularities in the proceedings of the court.

Defendant Carey filed a motion for a new trial based upon various grounds. Thereupon the Circuit Court upon its own motion, entered an order changing the venue of the case to the District Court. This order recites the grounds upon which it is based and is in the following language:

"N. BENNETT  
    *v.*     } No. 1609.  
"B. W. CAREY. 

"The court finding that this case is a part of the case of No. 1352, of this court, and may involve the same issues on the trial of the same, and, as an affidavit in said last named cause was filed for change of venue, upon the ground of the prejudice of the judge of this court to the plaintiff in that cause, and defendant in this, and the motion in said case, No. 1352, having been sustained, this cause is transferred to the District Court of Page county, to which order and ruling of the court defendant excepts."

The cause seems to have been sent upon this order to the District Court where the motion for a new trial was overruled. And thereupon certain amended pleadings were filed presenting issues as to the validity of the defenses pleaded in the original action. These issues were submitted to another jury and special findings were had for the defendant to the effect that there did exist lawful defenses to said action and thereupon a judgment was entered setting aside, vacating and adjudging to be null and void the first judgment.

II. The defendant now insists that the Circuit Court erred in changing the venue of the case upon its own motion. The

1. VENUE: change of: authority of the court.

forum for the trial of the case as prescribed by law was the Circuit Court. The defendant had a right to a trial in that court and could not have been lawfully deprived of that right in the absence of a statute authorizing the change of venue upon the court's own motion. The issues involved in one branch of the case had been submitted to a jury and a verdict rendered for the plaintiff. The

Bennett v. Carey.

other issues were for determination and the law provides that they also should be tried in the Circuit Court. There is no statute authorizing a court upon its own motion to change the venue of a case, whether for the trial of a part or all the issues involved therein. The whole case must be tried in the forum prescribed by law, and to a trial there the parties, as we have said, have a right of which they cannot be deprived except in the manner prescribed by law, namely, by a petition or application of one of the parties upon the grounds recognized by the statute. It will be readily seen that if the courts upon their own motion may change the venue of causes, parties may be deprived of the right of trial in the county and before the forum prescribed by law.

We have held that the venue of a case cannot be changed after a verdict and while a motion for a new trial is pending. *Perkins v. Jones & League*, 55 Iowa, 211. Under this rule the Circuit Court erred in changing the venue before the motion for a new trial was disposed of.

III. The ground for the change of venue recited in the order of the Circuit Court above quoted did not authorize the action of the court in sending the cause away. The fact that the defendant had in another case made application for a change of venue therein is no ground for changing the venue in this case. Each case must be determined upon the proper proceedings therein and the Circuit Court cannot look to the record of another case for guidance in making preliminary and interlocutory orders.

IV. It is insisted that as defendant did not make objection to a trial in the District Court and made no motion in that court bringing in question the change of venue, he is precluded now from raising objections to the proceedings and judgment in the District Court. But we have held that objection to an erroneous order for a change of venue is not waived by a party assenting to a trial in the court to

*waiver of.*

which the cause was sent. *Ferguson v. Davis County*, 51 Iowa, 220.

We concluded that the venue of the cause was changed without authority of law, and that the judgment for this error must be reversed.

V. Numerous errors in addition to the objection just considered are assigned upon the record. We are not authorized to consider them. The defendant was entitled to the judgment of the Circuit Court upon his motion for a new trial and if that had been overruled, to a trial in the same court upon the remaining issues of the case. These rights were defeated by the change of venue and the cause was unlawfully tried in the District Court. The defendant must be restored to the condition in which he can have these rights secured. This can only be done by sending the cause back to the Circuit Court for decision upon the motion, and for such further proceedings thereafter as the law requires. All proceedings in the cause following and including the change of venue were without authority of law. We cannot be required to review these unauthorized proceedings. And as the motion for a new trial must be passed upon by the Circuit Court the decisions and proceedings brought in question thereby, cannot be reviewed until that motion is disposed of by the decision of the Circuit Court. It is therefore plain that we are authorized to review the case no further than to pass upon the order making the change of venue. We therefore consider no other question in the case. The judgment of the court below is reversed and the cause is remanded for proceedings in harmony with this opinion.

REVERSED.