STATE EX REL. DURAND, RELATOR, v. DISTRICT COURT
OF THE SECOND JUDICIAL DIS-
TRICT ET AL., RESPONDENTS.

(No. 2,053.)

|30  547|
|e33 141|

(Submitted February 27, 1904.   Decided June 22, 1904.)

*Judges—Disqualification—Affidavit of Prejudice—Motions—
Statutes — Constitutionality—Application — Contempt—
Review—Prohibition.*

1. Act of December 10, 1903, amending Code of Civil Procedure, Section 180, making the filing of an affidavit of prejudice a ground of disqualification of a district judge, is not unconstitutional.
2. Act of December 10, 1903, amending Code of Civil Procedure, Section 180, making the filing of an affidavit of prejudice a ground of disqualification of a district judge, has no application to a motion to strike the answer of a defendant from the files, which was treated by both parties as a proceeding in contempt.
3. Act of December 10, 1903, amending Code of Civil Procedure, Section 180, makes the filing of an affidavit of prejudice disqualify the judge, hence a motion for a change of judge on that ground is improper.
4. An order denying a motion for a change of venue can be reviewed only on appeal from final judgment, and not on an application for a writ of prohibition.

APPLICATION by the state, on the relation of Millie Durand, for a writ of prohibition against the Second judicial district court for Silver Bow county, Montana, and Hon. E. W. Harney, judge thereof.  Dismissed.

*Messrs. McBride & McBride,* for Relator.

*Mr. John J. McHatton, Mr. J. M. Denny,* and *Mr. George F. Shelton,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On January 15, 1904, Fay A. Durand commenced an action in the district court of Silver Bow county against Millie Du-

rand, Oscar Durand, the Equitable Life Assurance Society, F. T. McBride and Robert McBride. The defendants Millie Durand and F. T. and Robert McBride appeared and answered on January 22d. On the same day defendant Robert McBride, for himself and for Millie Durand and F. T. McBride, filed an affidavit disqualifying Hon. E. W. Harney, judge of the department in which said action was pending, and incorporated in his affidavit of disqualification a motion for change of venue, or, in lieu thereof, a change of judge. This affidavit of disqualification was made pursuant to the provisions of Section 180 of the Code of Civil Procedure, as amended by the second extraordinary session of the Eighth legislative assembly. On January 29, 1904, the plaintiff had the deposition of defendant Millie Durand taken before a notary public, and on the taking of such deposition Millie Durand was asked to attach to and make a part of her deposition a certain insurance policy and a certain assignment in writing which she had in her possession. This request she refused to comply with, and her deposition showing such refusal was filed in the court, the matter called to the attention of the court, and the plaintiff thereupon moved to strike from the files the separate answer of Millie Durand, for the reason that she had so refused to answer proper and pertinent questions asked in taking her deposition. On February 13, 1904, Robert McBride again filed a disqualifying affidavit, similar to the one filed January 22d. On February 13th the district court, over the objection of counsel for the answering defendants, set the motion to strike the answer of Millie Durand from the files, and the motion of the answering defendants for change of venue or change of judge, for hearing on February 15th. On February 15th the motion for change of venue or change of judge was denied, and the hearing on the motion to strike from the files the answer of Millie Durand was continued until February 18th. On February 17th, on the application of Millie Durand, this court issued an alternative writ of prohibition, enjoining the district court and Hon. E. W. Harney, judge thereof, from further proceeding in the hearing

of said motion of the plaintiff to strike from the files the answer of Millie Durand, or otherwise proceeding in said action, except to arrange the calendar, call in another district judge to try the cause, or change the venue. This writ was made returnable, and the matter was heard and submitted, on February 27, 1904.

In this court it is contended, on behalf of respondent, first, that the Act of the second extraordinary session of the Eighth legislative assembly, approved December 10, 1903, amending Section 180 of the Code of Civil Procedure, which authorizes the filing of a disqualifying affidavit such as was filed in the district court in this instance by the defendant Robert McBride, is unconstitutional; second, that the proceeding sought to be restrained by the writ of prohibition is one in contempt, and that the Act above mentioned, even if valid, has no application to such proceeding; and, third, that the district court properly denied the motion for change of venue or change of judge, for the reason that all of the defendants did not unite in the motion.

1. The first of these contentions is disposed of by the decision in *State ex rel. Anaconda Copper Mining Company* v. *District Court,* 77 Pac. 312, this day decided.

2. Both parties in this court have treated the motion to strike the answer of defendant Millie Durand from the files as a proceeding in contempt, and on the authority of *State ex rel. Boston & Montana Con. C. & S. Mining Company* v. *District Court,* 76 Pac. 10, the Act amending Section 180 above is held to have no application to such proceeding.

3. It is not contemplated by either Section 180 above, as amended, or Section 615 of the same Code, as amended, that a motion for a change of judge shall be made, and such motion, if made, is of no effect, and could properly be disregarded altogether. Upon the filing of the affidavit by defendant McBride, the judge against whom such affidavit was directed was thereupon deprived of any authority to proceed further in the case of *Fay A. Durand* v. *Millie Durand et al.,* except to arrange

the calendar, call in another judge, or change the venue. Such disqualification of the judge is made a ground of motion for change of venue under the provisions of Section 615 above, as amended; and, unless another judge appears and assumes jurisdiction of the cause within thirty days after the motion for change of venue is made, the venue must be changed. We therefore disregard the motion for change of judge, as not provided for by the statute. So far as the action of the court in overruling the motion for change of venue is concerned, that cannot be considered on this application for a writ of prohibition. It can be reviewed only on appeal from the final judgment.

As the relief sought here is to prevent the respondent judge from hearing the contempt proceedings, and as the Act amending Section 180 above has no application to proceedings in contempt, it is ordered that the alternative writ of prohibition heretofore issued be quashed, and these proceedings dismissed.

*Dismissed.*

Rehearing denied July 9, 1904.