STATE EX REL. CARLETON, RELATOR, *v.* DISTRICT COURT OF LEWIS AND CLARK COUNTY ET AL., RESPONDENTS.

(No. 2,241.)

(Submitted October 10, 1905. Decided October 28, 1905.)

*District Judges—Bias and Prejudice—Affidavit—Motion for New Trial—Contempt—Certiorari.*

District Judges—Disqualification—Bias and Prejudice—Motion for New Trial—Contempt.
1. The affidavit imputing bias and prejudice on the part of the district judge, provided for in section 180 of the Code of Civil Procedure, as amended by Act of 1903 (Laws of 1903, 2d Extra. Session, p. 9), may be filed by attorney or client, after a trial has been had and while a motion for a new trial is pending, at any time before the day set for the hearing of such motion; and the filing thereof does not constitute contempt.

Contempt—*Certiorari*—Time of Application.
  2.  After an order, adjudging. one guilty of contempt and imposing punishment, has been made and entered—the district judge thus finally disposing of the matter—an application to the supreme court for a writ of review is not premature, although execution of the order has been suspended to a day certain to allow relator to attend to business of importance.

APPLICATION by the state, on the relation of E. A. Carleton, for a writ of review to annul an order of Hon. Henry C. Smith, a judge of the district court of Lewis and Clark county, adjudging relator guilty of contempt. Order annulled. Mr. Justice Holloway dissenting.

*Mr. William T. Pigott,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.*  This proceeding was instituted to have annulled an order of the district court of Lewis and Clark county adjudging the relator guilty of contempt.

Briefly, it appears from the record that on April 6, 1905, a cause entitled *"Rilla M. Coulter* v. *Union Laundry Company,"* being at issue, was heard before Hon. Henry C. Smith, sitting with a jury, in department 1 of said court. The relator was counsel for plaintiff, and T. J. Walsh. Esq., for defendant. When the plaintiff had submitted her evidence, the court, on motion of counsel for defendant, directed a nonsuit and judgment in favor of defendant. The plaintiff thereupon moved for a new trial, and her statement in support of the motion was settled and signed by the judge, and filed with the clerk on June 29th. The motion was, at the time this proceeding was instituted, still undetermined, nor had a day been fixed for a hearing. On July 17th, the plaintiff, through her counsel, filed with the clerk her affidavit, stating that she believed and had reason to believe, that she could not have a fair and impartial hearing or trial of her motion, by reason of the bias and prejudice of Judge Henry C. Smith, before whom the

cause was pending, and asked that another judge be invited to hear and determine it. On September 26th the relator, as counsel for plaintiff, appeared in court, and, presenting the affidavit with a written stipulation with counsel for defendant that the cause might be transferred to department 2 of the court, because of the disqualification of Judge Smith, moved that the transfer be made. On the following day an order was made, reciting the presentation of the affidavit and stipulation, and denying the motion. On the 29th this order was expunged from the record by direction of the judge, and by another order, as of the 26th, the motion was directed to be submitted for consideration by the court and was taken under advisement. On the same day the relator was called to appear in court, and did so, whereupon the motion was denied, and the relator was adjudged guilty of a contempt committed in the immediate view and presence of the court by the presentation of the affidavit and stipulation. A fine of $250 was imposed, and the relator ordered into the custody of the sheriff, to stand committed until the fine should be paid, or, in default of payment, that he be imprisoned in the county jail of Lewis and Clark county one day for every $2 of such fine or any part thereof remaining unpaid. Thereupon this application was made, on the ground that the order was without or in excess of jurisdiction.

It was assumed, during the argument by counsel for both parties, that the filing and presentation to the court of an affidavit imputing bias and prejudice as a disqualification of the judge, and therefore a ground for a change of judge or of the place of trial, is a contempt, in the absence of a statutory provision authorizing it. The correctness of this assumption we shall not undertake to consider or determine. There is authority to support it. (*In re Jones*, 103 Cal. 397, 37 Pac. 385.) For present purposes we shall adopt the assumption and proceed to consider and determine the question presented, to-wit, whether the disqualification of bias and prejudice provided for in section 180 of the Code of Civil Procedure, as amended by the Act of 1903 (Laws 1903, 2d Extra. Session, p. 9), may be

invoked after a trial has been had and while a motion for a new trial is pending.

This provision and section 615 of the same Code, as amended at the same session of the legislature (Laws 1903, 2d Extra. Session, p. 8), have heretofore been considered by this court, both as to their constitutionality and their application to particular cases. (*State ex. rel. Anaconda C. M. Co.* v. *Clancy et al.,* 30 Mont. 529, 77 Pac. 312; *State ex rel. Durand* v. *District Court et al.,* 30 Mont. 547, 77 Pac. 318; *State ex rel. Boston & Mont. Con. C. & S. M. Co.* v. *Judges et al.,* 30 Mont. 193, 76 Pac. 10; *State ex rel. Nissler* v. *Donlan et al.,* 32 Mont. 256, 80 Pac. 244.) In *State ex rel. Anaconda C. M. Co. et al.* v. *Clancy et. al.,* and *State ex rel. Boston. & Mont. Con. C. & S. M. Co.* v. *Judges et al.,* it was held that the two amended sections are companion measures, the latter being intended to render effective the provisions of the former. In the first of these cases it was also held that the legislation is not open to any constitutional objection. *State ex rel. Boston & Mont. Con. C. & S. M. Co.* v. *Judges et al.* and *State ex rel. Durand* v. *District Court et al.,* presented the question whether these provisions apply to contempt proceedings. It was held that they have no application. In *State ex rel. Nissler* v. *Donlan et al.* the conclusion was reached that the Acts may be invoked to disqualify a judge when sitting in probate proceedings. In the latter case the question was whether this legislation applied at all to probate proceedings, counsel for respondents contending that a provision of the Probate Practice Act (Section 2530, Title XII, Chapter III, Article IX, Part III, of the Code of Civil Procedure, as amended by Act of 1897 [Laws 1897, p. 244]), declaring the disqualifications of district judges in these proceedings, is exclusive. As applied to the particular proceeding then before the court, it was held that the provisions could not be invoked because the attempt to disqualify came too late, the court then being engaged in the hearing.

Section 615 provides for a change of the place of trial whenever one or more of the first three grounds enumerated therein

exist.    The change must be granted on motion when the presiding judge is disqualified for any of the reasons enumerated in section 180.    He must not thereafter sit in the action or proceeding, and, on motion, must grant a change of place of trial, unless the parties agree in writing upon another judge (presumably to be called in by the presiding judge), or upon a member of the bar as judge *pro tempore,* or the presiding judge calls another judge who shall appear and assume jurisdiction of the cause within thirty days.    If the conditions of subsection 4 of section 615 are not met by counsel, and the place of trial is changed, it must be done subject to the provisions of section 616.

The word "cases," in section 615, evidently means contingencies, chances, conditions or state of circumstances; in other words, whenever any of the grounds enumerated in that section is made to appear.    The phrase "action or proceeding" in section 180, is comprehensive, and includes all proceedings of a civil nature, as well as actions in the stricter sense.    (*State ex rel Nissler* v. *Donlan et al., supra.*)

As defined in the Code of Civil Procedure, the term "action" means a proceeding instituted in a court by one or more parties against another or others to enforce or protect a right, to redress or prevent a wrong, or to punish a public offense.    (Sections 3471, 3479.)    The Penal Code provides for the prosecution of criminal actions.    (Section 3480, Code of Civil Procedure.)    They do not enter into this discussion, since the provisions under consideration have no application to them.    (*State ex rel. Boston & Mont. Con. C. & S. M. Co.* v. *Judges et al., supra.*)    Further reference to them is therefore omitted.    All proceedings to enforce a remedy, not falling technically under the foregoing definition of the term "action," are classed under the head of "special proceedings."    (Section 3472, Code of Civil Procedure.)    The term "proceeding," as ordinarily used, is generic in meaning and broad enough to include all methods of invoking the action of courts, whether controversies properly termed "actions" or "special proceedings," as distinguished from them.    But, in view of the distinction

made by the Code between actions and special proceedings, and its use here in connection with the term "action," the term "proceeding" must be construed, not in this general generic sense, nor as synonymous with the term "action," but as referring to the other proceedings provided for in the Code, to-wit, special proceedings; otherwise, the term "action" could not be assigned any meaning, nor could the term "motion," as used in the expression "action, motion or proceeding" elsewhere in the section.

Furthermore, it is the policy of our system that every litigant, no matter in what form his application may be presented to the court, shall have his rights adjudicated by a judge who is not interested in the result. It cannot be doubted for an instant that it would be perversion of justice for a judge to sit in any proceeding in the event of which he has an interest, whether such interest arise from the fact that he is a party in interest, directly or indirectly, or that he is related to one or more of the parties, or that he has theretofore been an attorney or counselor for one of the parties to the action or proceeding. Nor should he be allowed to sit, when he is laboring under bias or prejudice toward one or more of the parties litigant. By the amendment to section 180, *supra*, the legislature has sought to provide a means by which this latter condition may be avoided. In doing so, it recognized the inherent difficulty of attaining this end, if a judge, possibly already biased or prejudiced, or in any event more or less affected by a feeling of offense arising out of the charge made against him by the litigant, be permitted to sit and try the question whether or not he is in fact biased, and, in its effort to meet a situation surrounded by so much difficulty, enacted the amendment to section 180, *supra*, which makes the imputation sufficient to require a change of judge, or, in default thereof, of the place of trial under section 615. Of the wisdom of its action there may be much doubt or question; but it must not be overlooked that this ground of disqualification stands upon the same level of importance as do the others enumerated, except as to the time when the imputation may be made, and operates just as

effectively, if invoked at the proper time. We apprehend that the other grounds of disqualification may be availed of at any time whenever they become known to the presiding judge or the litigant.

So far, the application of the legislation embodied in the amendment generally to actions and other proceedings is not attended with much difficulty. The difficulty of application arises when we begin to consider the time in the course of the action or proceeding at which the invocation of it may be made. The language of the provision is "at any time before the day appointed or fixed for the hearing or trial" of the particular "action, motion or proceeding." The word "motion" seems to have been inserted purposely, to indicate that it was the intention of the legislature to allow the litigant to work the disqualification at any time before the time for trial on the merits, and, further, at any time before a hearing on a motion in the progress of the case which involves a final adjudication of the rights of the parties upon that particular branch of the case. To illustrate: that it might be filed at any time before the hearing of a demurrer or motion to strike, or motion for judgment on the pleadings, or trial on the merits, or a hearing on motion for a new trial, or a motion to set aside a default, or the like, but not in any of these instances, on the day of the hearing or during its progress. It would seem to follow necessarily that motions made during the progress of any of these hearings are therefore excluded, because a hearing upon the merits, or upon a motion, includes all the motions or other steps which may necessarily be made in order to present the questions involving the rights of the parties during the progress of such hearing. This construction must be given to the fourth subdivision of section 180, or else the term "motion," as used therein, has no significance whatever.

But beyond this we apprehend that it was the purpose of the legislation, as it stood prior to the amendment, to allow litigants the right to move for change of judge or change of place of trial upon the occurrence of a disqualification of the presiding judge for any of the reasons enumerated therein; for it

may happen that a judge who is sitting in the trial of a cause may become disqualified during the progress of the hearing. A marriage might occur between one of the litigants and a relative of the judge, so that the judge would become a kinsman of one of the litigants within the prohibited degree. It is also possible that one of the relatives of the judge within the prohibited degree might become interested in the result of the litigation by purchase of interests of one of the parties. It might also happen that it is brought to the knowledge of the judge, or the parties, that the judge has theretofore been counsel to one of the parties in some branch of the same case, which fact did not theretofore appear. Any of these contingencies would render it improper for the judge to sit in the case, and put it within the power of any one of the litigants to make the disqualification thus wrought appear and disqualify him.

While the disqualification of imputed bias and prejudice may not be invoked during a hearing, because the limitations embodied in the amendment to section 180 render it impossible, yet the disqualification may be worked, as specifically provided, at any time before the day of hearing upon any one of the separate steps to be taken in the progress of the case. This would include, of course, a motion for a new trial. As it would be manifestly improper for a judge, who is shown to be disqualified for any of the first three grounds mentioned in amended section 180, to preside and determine a motion for a new trial, so, for the same reason, if it be made to appear at the proper time that he is disqualified by bias and prejudice to sit at the hearing, he should not be allowed to sit.

In *Finn* v. *Spagnoli,* 67 Cal. 330, 7 Pac. 746, the plaintiff, after notice of intention to move for a new trial had been served and filed by the defendant and the statement of the case had been prepared and served upon the plaintiff and the plaintiff had likewise served his amendments, moved that the cause be transferred to the superior court of an adjoining county upon the ground that the judge was disqualified from further acting in the case. The facts were that the attorney who had tried the case for the defendant had in the meantime

become the presiding judge, and another judge from a county not adjoining the county in which court was being held was called in his stead. The motion was denied. Upon appeal from the order the supreme court reversed it, and held that the cause should have been transferred under the provisions of section 398 of the Code of Civil Procedure of California, of which section 616, above cited, is a copy. It was further held, the court quoting from the earlier case of *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501, that: "A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties, it may be considered a trial." This was stated as the conclusion of the court in answer to the contention of counsel that a trial of the cause had been had, and that it could not be transferred for a trial of the motion.

This court, in *State ex rel. Montana Central Ry. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546, in considering the meaning of the expression "at any time before trial," as used in section 1004 of the Code of Civil Procedure, cites, among other cases, *Tregambo* v. *Comanche M. & M. Co., supra,* and approves the definition of the word "trial" adopted by the supreme court of California. It also cites and approves the later case of *Goldtree* v. *Spreckels,* 135 Cal. 666, 67 Pac. 1091, to the same point; and, while the term, as defined by our own court and in *Tregambo* v. *Comanche M. & M. Co.* and *Goldtree* v. *Spreckels,* was used in other connections than that in which it is found in the statute now under consideration, in *Finn* v. *Spagnoli, supra,* it was applied to a hearing on a motion for a new trial, and there is no apparent reason why the same definition should not be adopted for the term as used in the statutes.

But, independently of these decisions, we are of the opinion that a motion for a new trial is *pro hac vice* a proceeding independent of the trial of the case on the merits, and that un-

der a proper construction of the expression "action, motion or proceeding," as used in section 180, an application for a change of judge or change of place of trial, on any of the grounds mentioned in that section, ought to be entertained and granted, if coming within the statute. Of course, the latter part of section 180, limiting the number of disqualifications upon the ground of bias and prejudice, must be construed to mean the number of disqualifications that may be had during the controversy on the ground of bias and prejudice at any stage of it, because a change of place of trial or a change of judge upon a motion transfers the action just the same as a change of judge or a change of a place of trial upon the trial or hearing of the cause or proceeding on the merits transfers the cause, and, no matter at what stage of it the transfer is made, the particular transfer must be counted as one of the five permitted to each party by the statute. Though the construction of the legislation is attended with difficulty, when it comes to an application of it to specific cases, we think this is the only proper construction.

Counsel for respondents contended that the application to this court was premature; the ground of his contention being that the record shows that execution of the order had been suspended to a day certain to allow the relator to attend to a matter of business of importance. The order was made and entered, and, so far as the record shows, the matter then before the court had been finally disposed of. Application for review was proper at any time after this was done, whether the order was in progress of execution or not.

Counsel also cites a remark in *State ex rel. Anaconda C. M. Co.* v. *Clancy et al., supra:* "It would be absurd to speak of a change of venue, or change of place of trial, after a trial has been had, and while a motion for a new trial, for instance, is pending," and insists that this court has already decided that a motion for a new trial does not fall within the purview of these provisions. The remark does indicate that, at the time that opinion was written, this court entertained the view that the term "trial" should not be given a meaning broad enough

to include a hearing on a motion for a new trial. Yet the language was used in the course of the discussion by way of illustration, and is not germane to the question then before the court for decision. After a further consideration of the legislation we are of the opinion that the remark of the court by way of an *obiter* was not justified, and that the purpose of the legislation was, as now stated, to include a trial of any question arising on motion at any stage of an action or proceeding, not during a hearing on the merits, the result of which is a determination of the rights of the parties as then presented.

The result is that the relator had a right to file the affidavit of disqualification on the motion for a new trial in the case of *Coulter* v. *Union Laundry Company,* and that it was not a contempt for him or his client to do so. If it was not a contempt, the judge was compelled to grant the change of judge or change of the place of trial, under the clear injunction of the statute. The court, therefore, was without jurisdiction to punish the relator as for a contempt, and the order complained of must be annulled.

*Annulled.*

Mr. Justice Milburn concurs.

Mr. Justice Holloway: I dissent. Any attempt to give meaning to the so-called fair trial law is fraught with the greatest difficulty. The apparent effort of the legislature was to provide a method for disqualifying a trial judge by the mere imputation of bias or prejudice, and to provide for a change of venue as a final resort in every case where such affidavit of bias or prejudice is filed. This much is reasonably clear. But when—at what stage in the course of the litigation—may the disqualifying affidavit be filed? If it can be filed after trial on the merits and while a motion for a new trial is pending, then a change of venue may be had at that stage of the proceeding; and, conversely, if a change of venue may be had after trial upon the merits and while a motion for a new trial is pending undetermined, then a disqualifying affidavit may then be filed.

Section 180 of the Code of Civil Procedure, as amended by an Act of the Second Extraordinary Session of the Eighth Legislative Assembly, approved December 10, 1903 (Laws 1903, 2d Extra. Session, p. 9), provides that the disqualifying affidavit "may be made by any party to an action, motion or proceeding * * * at any time before the day appointed or fixed for the hearing or trial of any such action, motion or proceeding. * . * *'' I agree with the majority of the court in saying that the term "proceeding" used in that section means special proceeding, for the generic term "proceeding" includes every application to a court for a judicial remedy, and every such remedy is to be had through the agency of an action or special proceeding. (Sections 3469, 3470, 3472, Code of Civil Procedure.) These provisions of the statute are exclusive, and therefore the term "motion" could not have been used to define an application to a court independently of an action or a special proceeding. So that, if it has any meaning at all, as used in that section, it must be the meaning given the term by section 1820 of the Code of Civil Procedure: "An application for an order is a motion." The Code does not attempt to make any classification of motions. They are all of equal dignity, and, if the meaning given to the term as defined in section 1820 above was meant to attach to it as used in section 180 as amended, then upon any motion which may properly be made at any stage of an action or proceeding, a party litigant may be heard to impute bias or prejudice to the presiding judge, with no limitation whatever, except that his disqualifying affidavit shall be filed prior to the day set for hearing the motion. I do not believe that the term "motion" was used with any well-defined idea of its meaning, or that it has any meaning whatever as employed in section 180 above, as amended. I am led to this conclusion by these considerations:

1. The so-called "Fair Trial Law" assumes to amend section 180 of the Code of Civil Procedure, and as amended that section now reads: "Any justice, judge or justice of the peace must not sit or act as such in *any action or proceeding:* (1)

* * * (2) * * * (3) * * * (4) When either party makes and files an affidavit,'' etc. The limitation here imposed is that the district judge shall not sit or act as such judge in any action or proceeding wherein he is disqualified upon any of the grounds enumerated in the four subdivisions following. Furthermore, in the remaining portion of the section as amended, all reference to the term ''motion'' is omitted, as it is in the first part of the section quoted.

As further evidence of the meaningless way in which the legislature used the term ''motion,'' it is to be observed that the same session of the legislature added to Title IV, Part II, of the same Code, two sections to be numbered 620 and 621, by which it is attempted to provide for certain costs in the event a disqualifying affidavit should be filed, and by section 621 provision is made that certain additional costs shall be certified by the clerk of the court to which the cause was transferred, ''to the board of county commissioners of the county in which said action, motion or proceeding was commenced,'' etc. It is not difficult to understand what is meant by the commencement of an action or the commencement of a special proceeding, but the commencement of a motion is a curiosity in the law.

2. That a change of venue cannot be had after a trial on the merits and while a motion for a new trial is pending, and, consequently that a disqualifying affidavit cannot be filed at that stage of the proceeding, seems to me beyond controversy. Section 1170 of the Code of Civil Procedure defines a new trial as the re-examination of an issue of fact in the same court, after a trial or decision by a jury or court, or by referees. The elements of this definition are, first, a re-examination of an issue of fact; second, the retrial or re-examination must be *by the same court* which tried the case originally; and, third, the re-examination can only be had after a trial and decision by a jury, court, or referee.

To make a concrete application of the provisions of section 1170 to the matter now before us, it is sufficient to say that the

case of *Coulter* v. *Union Laundry Company* was tried in the district court of Lewis and Clark county, which comprises the first judicial district of this state. The statement on motion for new trial was settled by that court. If the disqualifying affidavit could then be filed, pending a determination of the motion for a new trial, a change of venue could also be had at that stage, and, if granted and the action transferred to the district court of Jefferson County, for instance, which is in the fifth judicial district, then another court, and not *the same court*, would pass upon the motion, and, if no further disqualifying affidavits were filed, that court would proceed to try and re-examine the cause, if the motion was granted, and this would constitute as palpable a violation of the express language, as well as the spirit, of section 1170 above, as I can imagine. That this result follows is inevitable.

If Judge Smith was the only judge in the first judicial district, and he had failed to call in another judge after the disqualifying affidavit was filed—if it can be filed at such stage of the proceedings—or had called in one who had failed to appear, and if the parties had failed to agree upon a district judge or a judge *pro tempore* to try the cause, then either party would have been entitled to a change of venue under the provisions of section 615 above, as amended. The mere fact that in this particular instance the parties did agree upon a district judge to hear the motion for new trial and retry the cause, if the motion was granted, argues nothing; for they might not have agreed, and whatever rule is adopted must be a general one and of universal application. I am, therefore, clearly of the opinion that a change of venue can never be had at any stage in the course of a judicial inquiry after a trial on the merits and pending the determination of a motion for a new trial (*Swineford* v. *Pomeroy*, 16 Wis. 575; *Cairns et al.* v. *O'Bleness et al.*, 40 Wis. 469; *Ex parte Cox*, 10 Mo. 742; *Crane* v. *Crane et al.*, 81 Ill. 165); and therefore that a disqualifying affidavit cannot be filed after that period has been reached.

When the legislature, in amending section 180 above, provided that a disqualifying affidavit may be filed at any time before the time appointed or fixed for the hearing or trial, it meant a trial on the merits, and nothing else. While the expression quoted in the opinion of the majority from *State ex rel. Anaconda Copper M. Co.* v. *Clancy* was made use of by way of illustration, I am satisfied that it correctly states the law.

Neither do I think that the decision of this court in *State ex rel. Montana Central Ry. Co.* v. *District Court,* referred to in the majority opinion, has any decisive or persuasive effect here. There we were considering the meaning of the expression "before trial." In this instance we are considering the legal effect of a hearing upon, and disposition of, a motion for new trial, which, in my opinion, do not in any sense come within the meaning of the term "trial" as there defined. The provisions of the Iowa Code are not more emphatic in their terms than are our own in section 1170 above. Section 3154 of the Iowa Code (1873) provides, among other things: "The district or circuit court in which a judgment has been rendered, or by which, or by the judge of which, a final order has been made, shall have power after the term at which such judgment or order was made to vacate or modify such judgment or order. * * *" Construing this section the supreme court of Iowa, in *Gilman, Admr.,* v. *Donovan,* 59 Iowa, 76, 12 N. W. 779, said: "It will be observed that the proceedings authorized under the statute are in the nature of a writ of error *coram nobis,* and are provided for the review of a case after final judgment in the very court wherein it was rendered. By the express terms of the statute quoted, jurisdiction of this proceeding is conferred upon the court wherein the judgment was rendered; all other courts by these terms are excluded. *Expressio unius est exclusio alterius.* The proceeding is not in the nature of a new or independent action, but is supplementary, and intended to correct errors committed in the trial of a cause and the rendition of a judgment. It is of the same character as all proceedings for new trials, the correction of

records, etc., wherein the court committing the errors corrects them. In this proceeding the law requires the very court rendering judgment to review its decision; the case cannot, therefore, be transferred to another court for that purpose.''

I am not unmindful of the fact that the opinion of the majority of the court is supported by the decision of the supreme court of California; but *Finn* v. *Spagnoli* stands alone, so far as I am able to ascertain, in holding that a change of venue may be had while a motion for a new trial is pending, and that case was decided apparently without any reference whatever to section 656 of the California Code of Civil Procedure, which is identical with our section 1170 above, and, in my opinion, the decision cannot be reconciled with the provisions of that section. Section 398 of the California Code of Civil Procedure, which corresponds with our section 616, Code of Civil Procedure, cannot possibly be made to refer to the hearing of a motion for new trial without absolutely abrogating the provisions of section 656 above of their Code.

In *Perkins* v. *Jones & League*, 55 Iowa, 211, 7 N. W. 599, the question upon which a determination of this case depends was before that court, and considering the merits of the controversy, as well as the application of the term ''trial'' to the hearing of a motion for a new trial, that court said: ''The sole question involved is whether after verdict, and whilst a motion for a new trial is pending, a change of venue may be awarded to another court. We are clearly of the opinion that such change cannot be granted. There are many reasons against granting a change at such stage of the proceedings. Section 2590 of the Code provides that a change of the place of trial may be had. Section 2739 of the Code provides that a trial is a judicial examination of the issues in an action, whether they be issues of law or of fact. Now, it cannot be claimed that the passing upon a motion for a new trial is the examination of an issue of fact or of law in the case. It is no more than a review of the question whether the issues of law or of fact have already been properly determined, or whether they shall again be submitted to adjudication. Section

2838 of the Code provides that the application for a new trial must be by motion. The very name *motion for a new trial,* suggests that the passing upon the motion is not a trial, but simply a determination whether any further trial shall be allowed." The decision in this case was approved in *Bennett* v. *Carey,* 57 Iowa, 221, 10 N. W. 634, and in *Gilman, Admr.,* v. *Donovan,* above.

In my opinion the decision in *Finn* v. *Spagnoli,* is not supported by reason, and cannot be reconciled with the provisions of the California Code, not referred to in the opinion. On the other hand, the Iowa cases here cited seem to be supported by reason, and to offer the only possible solution of the question here presented which can be had without absolutely abrogating the provisions of our section 1170 above. In the absence of anything to indicate it, I am unwilling to concede that repeal or amendment of section 1170, by implication, was effected by the enactment of the amendments to section 180 or section 615 above.

Some analogy is sought to be drawn between the disqualification for bias and prejudice and the other grounds mentioned in the first three subdivisions of section 180; but in the majority opinion it is conceded that the disqualification for bias or prejudice may not be effected during the progress of the trial of an action on the merits, only for the reason that in that particular instance the statute forbids it. But, if the conclusion reached by the majority is correct, then, if during the actual trial of a cause upon the merits, and while testimony is being received, a brother of the judge purchases an interest in the property in controversy, the other party can at that stage of the case move for a change of venue upon the ground that the district judge is disqualified, being related to a party litigant within the prohibited degree; for there is not any limitation within which the disqualifications mentioned in the first three subdivisions of section 180 above must be made to appear, while section 615, as amended, applies to them, as well as to subdivision 4 of section 180. It is true that a judge who was not disqualified at the time of the commencement of the trial

may · become · disqualified during its progress and before the motion for a new trial is disposed of; but this emergency is to be met and this difficulty disposed of by the application of a remedy other than a change of venue. Section 12, Article VIII, of the Constitution, provides, among other things: "Any judge of the district court may hold court for any other district judge, and shall do so when required by law." The substance of this section is enacted in section 36 of the Code of Civil Procedure, which also provides that upon request of the governor, it shall be the duty of a district judge to hold court for another district judge. And in these provisions must be found the remedy for such an extreme case as just suggested.

I am therefore of the opinion that a change of venue could not have been had in *Coulter* v. *Union Laundry Company* while the motion for a new trial was pending, and therefore that this relator had no right to file or present an affidavit of bias or prejudice after the cause had been tried and while a motion for a new trial was pending undetermined, and, assuming, as counsel for both parties did on the hearing, that the presentation of such an affidavit, when not authorized by law, constitutes contempt, the district court had jurisdiction to punish the relator for such contempt, and *certiorari* will not lie. For these reasons, I am unable to agree with the conclusion reached by the majority of the court.