## PETITION OF JAMES L. LAROCQUE
No. 10340.
Decided September 19, 1961.
365 P.2d 950.

PER CURIAM.

Original proceeding. Petition for writ of habeas corpus, brought by James L. Larocque, an inmate of the Montana State Prison, appearing pro se.

From the allegations in the petition, it appears that petitioner, while represented by court-appointed counsel, entered a plea of guilty to a charge of burglary in the first degree in the district court of Cascade County.

. Petitioner here alleges that he requested the district judge to disqualify himself and cites section 93-901, R.C.M.1947, as the statute controlling the disqualification of judges and avers that under this statute the judge should have been disqualified. However, the files in this cause disclose that no affidavit of disqualification was ever filed.

The statute cited by petitioner is a civil disqualification statute and is applicable only in civil cases. In a criminal pro-

ceeding, the proper statute under which a defendant may disqualify a judge is section 94-6913, R.C.M.1947.

The right to disqualify a judge in a criminal proceeding is purely statutory. It has no constitutional nor common-law basis. Therefore, the conditions precedent in this statute must be followed. The affidavit of disqualification must be filed with the clerk at least fifteen days prior to the trial. Since petitioner filed no affidavit for disqualification he waived the provisions of the statute. Nor may petitioner claim lack of knowledge of the conditions of the statute. For over a month prior to his plea of guilty petitioner was represented by counsel.

Petitioner also alleges he requested a change of venue. This court has consistently held that an application for a change of place of trial is addressed to the sound discretion of the trial court and will not be disturbed, unless it appears that there has been an abuse of this discretion. State v. Spotted Hawk, 22 Mont. 33, 55 P. 1026, and cases cited therein, State v. Davis, 60 Mont. 426, 199 P. 421; State v. Hoffman, 94 Mont. 573, 23 P.2d 972; State v. Bischert, 131 Mont. 152, 308 P.2d 969. Here again, the files do not contain any application for a change of place of trial so it is evident none was ever presented to the court as required by Sec. 94-6901, R.C.M.1947.

It appearing that the application lacks merit, the writ is denied and the proceeding is dismissed.