THE STATE OF MONTANA EX REL. ROBERT H. WILSON, COUNTY ATTORNEY OF BIG HORN COUNTY, MONTANA, RELATOR, *v.* THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF BIG HORN AND GUY C. DERRY, JUDGE THEREOF, RESPONDENTS.

No. 10778
Submitted April 20, 1964. Decided June 9, 1964
393 P.2d 39

544

Robert H. Wilson. County Atty., Hardin, J. H. McAlear, Red Lodge, for relator.

Bert W. Kronmiller (argued), Douglas Y. Freeman (argued), Hardin, Guy C. Derry, District Judge, Billings, for respondents.

Louis Forsell, Asst. Atty. Gen. (argued), Helena, E. Gardner Brownlee, District (argued), Missoula, amici curiae.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding. Petitioner is the County Attorney of Big Horn County. The petition seeks a Writ of Prohibition to prohibit the District Judge of the Thirteenth Judicial District, Honorable Guy C. Derry, from proceeding further in a criminal case under circumstances hereinafter set forth.

Clara H. Thomas and Robert G. Thomas were charged with the crime of murder in the first degree. They entered pleas of "Not Guilty" and trial was commenced on October 21, 1963, before the Honorable Guy C. Derry, District Judge. The trial continued until November 22, 1963, at which time the jury brought in a verdict finding the defendants guilty of murder

in the second degree. The Court set time for sentencing for December 5, 1963. On December 2, 1963, defendants moved for a new trial. On that same day the Court made an order staying further proceedings and setting the motion for new trial for hearing on December 19, 1963. On December 19th, State asked for and was granted further time, the hearing on the motion for new trial being reset for January 16, 1964, and was again postponed until January 21, 1964.

Prior to the date set for the hearing on January 6, 1964, on the Motion for New Trial, the County Attorney filed an affidavit of disqualification, giving as his reason that the judge was biased and prejudiced.

A motion to quash the affidavit of disqualification was filed by counsel for defendants on January 7, and a hearing set on this motion for January 21, 1964. On January 20, 1964, Judge Derry, "deeming it advisable and proper" called in District Judge C. B. Sande to hear the motion to quash. Judge Sande heard the motion to quash the affidavit of disqualification.

On February 27, 1964, the County Attorney filed a motion requesting that Judge Derry disqualify himself for actual bias and prejudice, and on March 19, 1964, Judge Derry denied the motion and ordered it stricken from the records.

On the petition, the County Attorney presented two matters, one dealing with disqualification of the judge for imputed bias and prejudice, the other dealing with disqualification of the judge for actual bias and prejudice.

On the ex parte application, this court stayed further proceedings in the cause, and subsequently issued an order to show cause directed to the district judge, ordering him to appear and show cause why a writ of prohibition or other appropriate writ should not issue. It was further ordered that the Attorney General of Montana and counsel for defendants be served with copies of the papers on file and be joined as parties for the purpose of filing briefs and having the matter thoroughly examined into.

In the same order to show cause, this court after studying the original petition dealing with the two matters described above, determined that the moving papers, affidavits, and presentation of counsel were not sufficient to move its discretion and exercise original jurisdiction as to the second point above; that is, the disqualification of the district judge on the grounds of actual bias and prejudice. Therefore, in the order, the issue was limited to the following issue:

Does section 94-6913, R.C.M.1947, adopted as Chapter 61, Laws of 1959, permit the disqualification of the judge who presided at the trial by affidavit imputing bias and prejudice following return of the jury verdict and prior to a hearing upon a motion for new trial?

Excellent briefs have been submitted by the county attorney, the attorney general, Judge Derry, defense counsel, and District Judge E. Gardner Brownlee of the Fourth Judicial District.

In addition to the fact statement above, and the chronology of events, we observe that this is an unusual situation. Here, the State, after having obtained verdicts of "guilty" of second degree murder against two defendants, seeks to disqualify the presiding judge.

It is seen from the question posed in relation to the chronology of events set forth that actually more than one problem arises. Collectively. briefs and arguments of the parties bring forth two problems that we shall consider:

(1)   Does section 94-6913 permit disqualification of a judge between verdict of the jury and consideration of motion for new trial at all?

(2)   Was the attempted disqualification here made timely; that is, on January 6, 1964, after hearing of the motion for new trial had been set for December 19, 1963?

A third question is posed in amicus curiae brief as to the constitutionality of the statute if it be interpreted as permitting a "peremptory" disqualification of a judge in any event or in the

words frequently used "an imputed bias and prejudice." While this approach is academically interesting, we do not consider the constitutionality problem as being properly before us.

R. C. M.1947, § 94-6913, provides:

"A district judge must not sit or act as such in any criminal action or proceeding when either party makes and files an affidavit, as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge by reason of the bias and prejudice of such judge. Such affidavit may be made by any party to *the criminal action, motion or proceeding,* personally, or by his attorney or guardian and shall be filed with the clerk of the district court in which the same may be pending, *at least fifteen days prior to the trial of said cause, or any retrial thereof after appeal.* Upon the filing of the affidavit, the judge, as to whom said disqualification is averred, shall be without authority to act further in the criminal action, motion or proceeding, but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the criminal action or proceeding to some other court, nor to the power of calling in another district judge to sit and act in such criminal action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this section. Not more than one judge can be disqualified for bias and prejudice, in said criminal action or proceeding, at the instance of the prosecution and not more than one judge at the instance of the defendant or defendants.

"If there be more than one judge in any judicial district in which said affidavit is made and filed, another judge residing in the judicial district wherein the affidavit is made and filed must be called in to preside in such criminal action, motion or proceeding; if there be but one judge in the judicial district, then a district judge of another judicial district must be called in to preside in such criminal action, motion or proceeding; when another judge has assumed jurisdiction of a criminal

action, motion or proceeding, the clerk of the district court in which the same was pending, shall at once notify the parties or their attorneys of record in the same, either personally or by registered mail, of the name of the judge called in.

"If either party in any matter above mentioned shall file the affidavit as herein provided such party may not complain of any reasonable delay as the result thereof.

"The provisions of this section shall be inapplicable to any person in any cause involving a direct contempt of court." (Italics supplied.)

The italicized portions of the above section are what create the problem. On the one hand, the State contends that section 94-6913 should be interpreted the same as this court has interpreted section 93-901, subd. (4) (the Civil section); and permit disqualification after verdict; while the respondent judge contends that section 94-6913 should be interpreted literally as meaning a disqualification can only be had before trial or retrial after appeal.

The basis for the State's contention is what is termed the similarity of language used by the Legislature in section 94-6913 to that used in section 93-901, subd. (4), as previously interpreted.

Opposing this view is respondents' view that the criminal statutory language "at least fifteen days prior to the trial of the action" is clear and concise and needs no interpretation. Respondents go on to argue that even if we resort to interpretation and attempt to arrive at legislative intent that the very addition of the language limiting the time of filing the affidavit to 15 days prior to trial indicates legislative intent to the contrary of the State's position.

■■ Both positions find sound basis in our case law and statutory rules of construction. We hold, however, the latter position, that of the district judge to be the proper rule. We concede that this will result in what appears to be a different rule in civil cases from criminal cases, but we believe there to be

sound policy reasons for such a difference as we shall here-inafter point out.

But first, we shall set out the line of Montana cases which have held that a disqualification of a judge can occur after verdict while a motion for new trial is pending. They are: State ex rel. Carleton v. District Court, 33 Mont. 138, 82 P. 789; Hill v. Nelson Coal Co., 40 Mont. 1, 104 P. 876; Russell v. Sunburst Refining Co., 83 Mont. 452, 272 P. 998; State ex rel. Bellon v. District Court, 140 Mont. 447, 373 P.2d 314; State ex rel. Cline v. District Court, 142 Mont. 278, 384 P.2d 490.

In the latter case, the Cline case, we modified the Bellon case so as to give effect to the new civil rules, Rule 59(d), M.R. Civ.P., which permit a trial judge on his own initiative to grant a new trial within 10 days after entry of judgment. Of course, no similar criminal rule is in existence, and thus we already have a difference between civil and criminal procedure on this very point.

Recently this court sought to set out the guide lines in Petition of James L. Larocque, 139 Mont. 405, 365 P.2d 950. There it was said:

"The statute [section 93-901] cited by petitioner is a civil disqualification statute and is applicable only in civil cases. In a criminal proceeding, the proper statute under which a defendant may disqualify a judge is section 94-6913, R.C.M.1947.

"The right to disqualify a judge in a criminal proceeding is purely statutory. It has no constitutional nor common-law basis. Therefore, the conditions precedent in this statute must be followed. The affidavit of disqualification must be filed with the clerk at least fifteen days prior to the trial. Since petitioner filed no affidavit for disqualification he waived the provisions of the statute."

The State argues that the Larocque case is not in point because therein no affidavit of disqualification had been filed. That is true, but neither do we have an affidavit filed here prior to trial; or even, under the State's version, prior to the

date set for hearing as revealed in problem 2 above. In any event, this court attempted to set out guide lines for just such a situation as we now have.

To return now to the statute. We hold the language to be clear and concise and to mean fifteen days before trial, unless, of course, a deliberate attempt is made to "arrange the calendar so as to defeat the purposes of this section."

In passing we note in the legislative history of H.B. No. 70, which subsequently became section 94-6913, that the words first used were "within ten days after the arraignment or ten days prior to the calling of the calendar." These words were substituted for by the language now appearing, "at least fifteen days prior to the trial of said cause." It seems to us, that were we to resort to legislative intent it would be clear that the language referred to the literal trial of the case on its merits rather than subsequent hearing on motions.

■■ The indicated purpose of the criminal disqualification statute, section 94-6913, is to allow the disqualification before the actual trial begins; that is, on grounds of "imputed" bias and prejudice or what we have termed a "peremptory right." This would cover motion for change of venue, suppression of evidence, continuances and like motions. The powers of a district judge with reference to civil cases are quite different from his powers in a criminal case. In civil cases, essentially property rights are involved. In criminal cases human rights and even liberty and life are involved. There is a difference in the jurisdiction or right of the court to interfere or modify verdicts in civil and criminal cases. Under Criminal Code section 94-7411 the jury may assess the punishment or leave the same to the court. Where the jury does not assess the punishment, the court must fix the punishment. (R.C.M.1947, section 94-7412.) In doing so the court may use its discretion, which obviously must depend upon many factors unavailable in the cold record. In section 94-7415 if the jury fixes the punishment, the court has the power to reduce the extent or dura-

tion. The court may suspend execution of sentence as on section 94-7821. All of these and many more powers under the criminal law indicate a difference between civil and criminal law as to dictate a policy in line with our holding.

If, as in a case after a lengthy five week trial, a defendant were languishing in jail without bail awaiting a review of a record by a new judge, certainly it would likely occur that his constitutional rights might be violated.

We emphasize as we did in setting forth the question earlier that we are dealing with imputed bias and prejudice and not actual bias and prejudice.

Having held as previously expressed, the petition for a writ of prohibition is denied, and the matter returned to the district court for further proceedings.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.

HONORABLE L. C. GULBRANDSON, District Judge, sitting in place of Mr. Justice Doyle:

I concur in the result, but, to the extent that the foregoing opinion can be interpreted as approving the disqualification of a district judge for *imputed* bias in a civil action after verdict and prior to hearing a motion for new trial, I dissent. I believe the opinion by Justice Holloway in State ex rel. Anaconda Copper Mining Company v. Clancy, 30 Mont. 529, 77 P. 312, which held the disqualification statute constitutional, and his dissenting opinion in State ex rel. Carleton v. District Court, 33 Mont. 138, 82 P. 789, state the correct rule.