No. 12483

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA ex rel JON WILLIAM
PASCHKE and JOHN ARNOLD MASON,

Relators,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA et al,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Sandall, Moses and Cavan, Billings, Montana.
D. Frank Kampfe argued, Billings, Montana.

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner, Assistant Attorney General, appeared,
Helena, Montana.
Harold F. Hanser, County Attorney, argued, Billings,
Montana.

---

Submitted: March 29, 1973

Decided: AUG 2 3 1973

Filed: AUG 2 3 1973

Thomas J. Kearney
_____
                  Clerk

Hon. Jack Shanstrom, district judge sitting for Chief Justice James T. Harrison, delivered the Opinion of the Court.

This is an original proceeding seeking a writ of supervisory control over the district court of the thirteenth judicial district, Yellowstone County, and the Hon. C. B. Sande, presiding judge.

Petition was filed by relators Jon William Paschke and John Arnold Mason, seeking continuance of a trial date and that District Judge Sande disqualify himself from hearing said case, after an affidavit of disqualification had been filed by relators.

The fact situation is: On Monday, February 26, 1973 the county attorney of Yellowstone County filed a complaint in justice court charging relators with seven counts of possession of dangerous drugs. Prior to the complaint being filed an application for a search warrant had been filed with the justice court and pursuant thereto a search warrant was issued by the justice of the peace on February 25, 1973. As a result of the search the charges of possession of dangerous drugs were filed.

On February 28, 1973 the county attorney filed an information in the district court of the thirteenth judicial district, Yellowsone County, charging relators with seven counts of possession of dangerous drugs.

On February 28, 1973 relators appeared at the arraignment represented by counsel, D. Frank Kampfe. Bail was set at $15,000 on each relator.

On March 2, 1973 relator John Arnold Mason posted bond and was released. On March 12, 1973 relator Jon William Paschke was released on bond.

On March 2, 1973 Judge C. B. Sande ordered a setting for trial of criminal causes 8860 and 8861 for March 26, 1973 at the hour of 9:30 a.m. The order was received by counsel for relators on March 5, 1973.

On March 21, 1973 counsel for relators filed two affidavits of disqualification which were duly signed by the relators.

On March 21, 1973 Judge Sande refused to disqualify himself and so advised counsel for relators by telephone.

On the same day, March 21, 1973, counsel for relators filed a motion for continuance and notice of motion for continuance which alleged numerous grounds for continuance of the trials, among them were:

1. Relators' counsel had other previous cases set for trial during the week of March 26 through March 30.

2. Relators' counsel did not have adequate time to prepare and investigate the cases prior to the trial setting.

3. That additional burdens were cast upon counsel for relators because of his handling of office matters previously handled by other members of the firm who were either trying cases out of town or had left the employment of the firm.

On March 22, 1973 counsel for relators was advised by Judge Sande through a telephone conversation that the motion for continuance was denied without hearing and the matter would go to trial on March 26, 1973. At that time he further advised counsel for relators that any motions to suppress and/or other hearings would be held on March 23, 1973.

Judge Sande filed an affidavit before this Court and was re-presented by Harold F. Hanser, county attorney for Yellowstone County, alleging that within the week of setting the cases for trial he personally advised counsel for relators that if any motions were to be made in regard to the cases they should be made at an early date and disposed of before trial. That he had had no communication whatsoever with counsel for relators from that time forward until Thursday, March 22, 1973, at which time the court was advised that a petition for continuance and affidavits of disqualification had been filed by counsel for relators. That at the time he received this petition the county attorney's office was preparing the cases for trial. That forty jurors had been summoned to attend the trial on March 26, 1973. That the court had previously set criminal cases all through the months of April and May, at which time the term ended, and if these cases were continued it would not be possible to try them during that term.

County Attorney Hanser also filed a memorandum before this Court stating that the Yellowstone county attorney's office filed in excess of 300 felony cases in district court during the year 1972, and that on March 23, 1973, approximately 40 cases were set in Judge Sande's department during the months of April and May. That even though counsel for relators pointed out his own busy schedule and reasons for continuance, Mr. Kampfe on March 1, 1973 spent considerable time negotiating with the Yellowstone county attorney's office for the return of two $1,000 checks seized in evidence pursuant to the search warrants. That, in addition, he had sufficient time to file in federal district court an action pertaining to these checks. Thus, factually, it would appear that counsel would have had sufficient time for motions for substitution of judge and continuance of trial and could have made them more timely had he so desired.

It is from the trial court's denial of the motions to continue the trials and refusal to disqualify himself that relators seek relief by way of a writ of supervisory control from this Court.

The issues: Did the trial court abuse its discretion in its denial to continue the trials, and was the attempted disqualification timely made?

The principal Montana statute with respect to disqualification is section 95-1709, R.C.M. 1947:

> "Substitution of judge. (a) The defendant or the prosecution may move the court in writing for a substitution of judge on the ground that he cannot have a fair and impartial hearing or trial before said judge. The motion shall be made at least fifteen (15) days prior to the trial of the case, or any retrial thereof after appeal, except for good cause shown. Upon the filing of such a motion the judge against whom the motion is filed shall be without authority to act further in the criminal action, motion or proceeding but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the criminal action or proceeding to some other court, nor to the power of calling in another judge to sit and act in such criminal action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this section. Not more than one (1) judge can be disqualified in the criminal action or proceeding, at the instance of the prosecution and not more than one (1) judge at the instance of the defendant or defendants.

"If either party in any matter above-mentioned shall file the motion as herein provided such party may not complaint of any reasonable delay as the result thereof.

"The provision of this section shall be inapplicable to any person in any cause involving a direct contempt of court.

"(b) In addition to the provision of subsection (a) any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

This Court has previously discussed this matter at great length in State ex rel. Wilson v. District Court, 143 Mont. 543, 393 P.2d 39, in which the Court held the language of section 95-1709, R.C.M. 1947, to be clear and concise: "The motion shall be made at least fifteen (15) days prior to the trial of the case * * *." Unless, of course, a deliberate attempt is made to arrange a calendar to defeat the purposes of this section.

Here, from the affidavits and memorandums submitted to this Court, we find the affidavit of disqualification was filed approximately four days prior to the trial date, and that there had been no communication whatsoever between Judge Sande and counsel for relators from the time the cases were set on March 2, 1973, and additionally, that within a week thereafter Judge Sande personally notified counsel for relators that any motions should be made at an early date to be disposed of before the trial.

There is nothing in the petition of relators to show that there should be a variance or a justification for failure to file the affidavits of disqualification within the 15 days provided by the statute. We hold the motions for disqualification were not timely made and therefore Judge Sande's denial of the affidavits of disqualification was proper.

The remaining issue for review relating to the district court's denial of petitioners' motion for continuance need not be determined as such issue has become moot.

This original proceeding is accordingly dismissed.

District Judge, sitting for Hon. James T. Harrison.

- 5 -

We Concur:

------------------------------------

*Frank I. Haswell*

*Wesley Castles*

*John Conway Harrison*
Associate Justices.

- 6 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12483

STATE EX REL. JON WILLIAM PASCHKE et al.,

Relators,

vs.

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT et al.,

Respondents.

O R D E R

PER CURIAM:

IT IS ORDERED that the word "within" in line 29, page 5, of the above-entitled opinion be changed to "prior to".

DATED this 17th day of September, 1973.

FILED

SEP 17 1973

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA