## SCHIEVE VS. THE STATE.

The provisions of chap. 180, R. S., which declare valid an appeal to the circuit court by a person convicted of an offense by a justice of the peace, without any recognizance given, must prevail over the conflicting provisions of sec. 21, chap. 121, R. S.

It was error for the circuit court, therefore, to dismiss such an appeal on the ground that the recognizance actually given was defective.

ERROR to the Circuit Court for *Dane* County.

The case is stated in the opinion of the court.

*Welch & Lamb*, for plaintiff in error.

*The Attorney General*, for the state.

*By the Court*, DIXON, C. J. Error to the judgment of the circuit court for the county of Dane, dismissing an appeal from the judgment of a justice of the peace in a prosecution for assault and battery. The plaintiff in error, upon conviction before the justice, took his appeal, and entered into a recognizance conditioned that he "should personally appear before the circuit court of said county at the term thereof next to be held therein." The appeal was duly entered, and the plaintiff in error appeared at the next term prepared to prosecute, but the circuit court dismissed the appeal for defects in the recognizance.

The question presented depends upon the consideration of the following statutes: Sec. 21, chap. 121, R. S. "The person charged with and convicted, by any such justice of the peace, of any such offense, may appeal from the judgment of such justice of the peace to the circuit court: *provided said person shall, within twenty-four hours, enter into a recognizance,*

*with one or more sufficient sureties, conditioned to appear before said court and abide the judgment of the court therein.''* Chap. 180, R. S., section 1. "Every person convicted before a justice of the peace of any offense, may appeal from the sentence to the circuit court then next to be held in the same county, *and such appellant shall be committed to abide the sentence of said justice,* until he shall recognize to the state of Wisconsin in such reasonable sum, with such sureties, as said justice shall require, with condition to appear at the court appealed to, and there to prosecute his appeal, and to abide the sentence of the court thereon, and in the meantime to keep the peace and be of good behavior." Section 2. "The justice, on such appeal, shall make a copy of the conviction and other proceedings in the case, and transmit the same, *together with the recognizance, if any shall be taken,* to the clerk of the court appealed to; and the fees of the justice therefor shall be paid from the county treasury, in like manner as other costs in criminal prosecutions are paid." Section 4. "If the appellant shall fail to enter and prosecute his appeal, *he shall be defaulted on his recognizance, if any was taken,* and the circuit court may award sentence against him for the offense whereof he was convicted, in like manner as if he had been convicted thereof in that court, and if he is not then in custody process may be issued to bring him into court to receive sentence."

The provisions of these two chapters are in obvious conflict. The former plainly requires the recognizance as a condition of the appeal. The latter as plainly dispenses with the giving of any recognizance. It may be given, but not to perfect the appeal. That is valid without. It only serves to relieve the defendant from imprisonment pending the appeal.

The former chapter is entitled " Of the jurisdiction of justices in criminal cases, and of proceedings therein ;" the latter, " Of appeals, new trials, and exceptions in criminal cases."

Section 11 of chapter 191, R. S., declares: " If the provisions of different chapters of the revised statutes conflict with

or contravene each other, the provisions of each chapter shall prevail as to all matters and questions growing out of the subject matter of such chapter."

This furnishes an easy solution of the question. The chapter concerning "appeals" must govern, and no recognizance was necessary.

Judgment reversed, and cause remanded for further proceedings according to law.