### GILMAN, ADM'R, v. DONOVAN.

1. **Practice:** PETITION FOR NEW TRIAL: CHANGE OF VENUE. Where a proceeding was pending to vacate a judgment and for a new trial, under section 3145, subdivision 6, of the Code, it was error for the court to grant a change of venue. The proceedings authorized under this statute are in the nature of a writ of error *coram nobis,* and are provided for the review of a case after final judgment in the very court wherein it was rendered.

2. **Practice in the Supreme Court:** UNLAWFUL CHANGE OF VENUE: SUBSEQUENT PROCEEDINGS NOT REVIEWED. Where this court has determined that an order granting a change of venue was without authority of law, it will not go farther, and review the unauthorized proceeding in the case subsequent to the change of venue.

3. ————: POINTS NOT MADE BY COUNSEL. While we are not authorized to decide a case upon a point not made by counsel, we are not required to disregard a valid objection, simply because we cannot concur in the *reasons* assigned for its support by the counsel who urge it.

*Appeal from Franklin Circuit Court.*

THURSDAY, JUNE 15.

THIS is a proceeding under the statute by petition, to set aside the judgment and asking for a new trial in an action at law, wherein judgment was rendered for plaintiff. An order was entered granting a new trial from which plaintiff appeals. The cause has before been in this court. See 53 Iowa, 362.

*F. Gilman,* appellant, *pro se.*

*Kellam, King & Henley* and *J. H. Scales,* for appellee.

BECK, J.—I. The action wherein a new trial is sought was pending in the Circuit Court and upon being remanded by *procedendo* from this court, the defendant made an application for a change of venue, on the ground of the prejudice of the judge, which was allowed, and the action was sent to the District Court, plaintiff excepting thereto.

As is shown by the opinion of this court rendered when the case was before here, the new trial was sought upon the ground that the plaintiff died before the judgment was rendered. Under our statutes the death of a party is sufficient ground for setting aside a judgment and allowing a new trial. Code, § 3154, ¶ 6. The proceedings in such cases are by petition, setting out proper facts, and are to be commenced within one year after the judgment in the case sought to be set aside was rendered, and are prosecuted in the manner prescribed by the statute. Code, §§ 3157–8.

II. We are to inquire whether the change of venue was lawfully allowed in this case. The proceeding by petition to set aside a judgment and for a new trial is authorized by Code, section 3154. The part thereof material to our present inquiry is in the following language:

1. PRACTICE: petition for new trial: change of venue.

"The District or Circuit Court in which a judgment has been rendered, or by which, or by the judge of which, a final order has been made, shall have power after the term at which such judgment or order was made to vacate or modify such judgment or order: *    *    *    *    *    *    *.

"6. For the death of one of the parties before the judgment in the action    *    *    *    *    *    *    *."

It will be observed that the proceedings authorized under this statute are in the nature of a writ of error *corum nobis*, and are provided for the review of a case after final judgment in the very court wherein it was rendered. By the express terms of the statute quoted, jurisdiction of this proceeding is conferred upon the court wherein the judgment was rendered; all other courts by these terms are excluded. *Expressio unius est exclusio alterius.*

The proceeding is not in the nature of a new or independent action, but is supplementary and intended to correct errors committed in the trial of a cause and the rendition of the judgment. It is of the same character as all proceedings for new trials, the correction of records, etc., wherein the court

committing the errors corrects them. In this proceeding the law requires the very court rendering judgment to review its decision; the case cannot therefore be transferred to another court for that purpose.

It follows that the statute authorizing change of venue is not applicable to the supplementary proceeding before us in this case.

The Circuit Court is the forum in which the issues upon plaintiff's petition should have been tried. Plaintiff has the right to a trial of these issues there. That he may not be deprived of that right the cause must be remanded to that court. *Bennett v. Carey*, 57 Iowa, 221.

III. Defendant moved to strike from the files plaintiff's abstract for the reason that the evidence and rulings of the court are not properly presented by bill of exceptions or certificate. We need not examine the motion of plaintiff or the objection raised therein. There is no denial of the abstract so far as it shows the change of venue and plaintiff's exception thereto. As for the error in changing the venue, the judgment of the court must be reversed; other rulings we cannot be required to consider. The language we use in *Bennett v. Carey, supra*, upon a point identical to the one now under consideration, may be here repeated: "All proceedings of the case following and including the change of venue, were without authority of law. We cannot be required to review these unauthorized proceedings    *    *    *    *    *    *    *    *. It is therefore plain that we are authorized to review the case no farther than to pass upon the order making the change of venue."

*2. PRACTICE in supreme court: unlawful change of venue: subsequent proceedings not reviewed.*

IV. It is proper to observe here that plaintiff's counsel, while urging the point we have decided in his assignment of errors and argument does not base it upon the reasons we have presented in support of our conclusion. While we are not authorized to decide a case upon a point not made by counsel, we are not required to disregard a

*3. ——: point not made by counsel.*

valid objection on the ground that we cannot concur in the reason assigned for its support by the counsel who urge it.

The judgment of the District Court is

REVERSED.