P. S. KELL v. C. L. LUND, Appellant.

Change of Venue: JOINDER OF PARTIES:  *Subscriptions.*  A corpo-
ration was organized in Des Moines.   It became indebted, and per-
sons residing in different counties, in order to aid it, subscribed to
its capital stock, each for himself.   The corporation made an
assignment for the benefit of its creditors.   The assignee com-
menced an action in Polk county against all the subscribers
requiring each to show why he should not pay the full amount of
his subscription.   *Held,* there was an improper joinder of defend-
ants, some of who did, and of others, who did not reside in Polk
county, and a defendant who resided in Keokuk county was enti-
tled to have the case tried separately as to his subscription, and in
the county of his residence.

Appeal: REVIEW.  An appeal will not lie from an order refusing a
change of venue, but such order will be reviewed, on an appeal
taken, after further proceedings are had.

*Same.*  Where a change is improperly denied, the court will simply
remand the case and direct it to be sent to the proper court.   It
will not review the proceedings had after the change was denied.

KINNE, J., took no part.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

WEDNESDAY, OCTOBER 14, 1896.

THIS action was brought by the assignee of the
Leader Printing Company, an insolvent corporation,
to recover upon unpaid subscriptions to the capital
stock of said company.   There was a motion made by
the defendant Lund to change the place of trial to the .

county of his residence. This motion was overruled. He then filed an answer. There was a demurrer to the answer, which was sustained, and the defendant appeals.—*Reversed.*

*George E. Clarke* for appellant.

*Park & Odell* for appellee.

ROTHROCK, C. J.—It appears from the petition in the case that the plaintiff is the assignee of an insolvent corporation known as the Leader Printing Company. It does not appear when the assignment was made to the plaintiff, but it was some time prior to September, 1891. It is shown, however, that some time during that month a hearing was had in the court below upon an application of the appellee for an order assessing each stockholder in the insolvent corporation the full amount of his unpaid subscription to the capital stock of the company. The order was made, and the defendant Lund was assessed one thousand dollars, and some twenty-four other alleged stockholders were assessed to the full amount of their stock subscriptions. It further appears that the defendant and others affixed their names to a stock subscription some time after the corporation was organized, and while it was carrying on the business of publishing a newspaper. This subscription was taken because the corporation was in financial distress, and the additional subscriptions were made for the "payment and discharge of all the existing liabilities of said corporation." The order making the assessment contained the following provisions: "And it is further ordered, adjudged and decreed that the said subscribers to the said capital stock of said insolvent corporation pay to the said P. S. Kell, assignee herein, the said sum set opposite the respective names

of the said subscribers forthwith, and that, in default of such payment, the said P. S. Kell, assignee of said Leader Printing Company, be, and is hereby authorized to institute a suit or suits against the said persons for the amount of the unpaid subscriptions to the capital stock of the said Leader Printing Company, as hereinbefore adjudged." So far the proceedings were entirely *ex parte.* No notice was given to the defendant of the assessment. This action was commenced in January, 1892, and it was sought thereby to recover of the stockholders the amount of the assessment made upon their subscriptions to the stock. All of them were joined as defendants in the action, which was entitled as in equity, and an accounting was asked that the correct amount due from each of the defendants be ascertained, and that a decree be entered requiring payment of the same. The defendant appeared to the action, and moved to docket the cause as a separate and independent suit as against him, and made a showing that he had been for ten years a resident of Kossuth county, in this state, and was still residing therein, and moved that the action be transferred to the county of his residence for trial. Both of these motions were over-ruled, and exceptions were taken by the defendant.

It is apparent that if the defendant had the right to have a separate trial, or, in other words, if there was an improper joinder of parties defendant, the defendant, Lund, had a right to have the place of trial changed to the county of his residence. The general rule is that personal actions must be brought in the county wherein some of the defendants actually reside. Code, section 2586. The policy of the law in this state is that, aside from excepted cases, a person shall not be required to appear to defend against any demand in any court other than that held in the county of his residence. He may waive that right by

written contract. Code, section 2581. There is nothing in the record in this case showing that the stock subscriptions were to be paid in Polk county. And if there was no such a union of obligation as to authorize a joint action against the stockholders resident in Polk county and the appellant, a resident of Kossouth county, both motions should have been sustained. This must be determined not only by a consideration of the obligations of the defendants arising out of their subscriptions to the stock, but of their relations to each other. If this were an action to recover on an assessment of a per cent. upon the stock, and there was any question of adjustment as between the delinquent stockholders, so that each would bear an equal burden, then the contention of counsel for appellee might have some force. But no accounting is necessary. The defendants are each sued for different amounts, and for the whole amount of the stock. There is no claim made in the record that the debts of the corporation are not equal to all of the assets, including the balance due on all of the stock subscriptions. Here is a corporation organized at the city of Des Moines. It was in debt, and the defendant and others, resident elsewhere in the state, subscribed to the capital stock each for himself. The company made an assignment for the benefit of its creditors, and the first legal notice which the nonresident subscribers had, was an original notice requiring them to appear and defend this suit in Polk county; not to adjust the amount to be paid by each, but each subscriber is required to show why he should not pay the full amount of his subscription. We think that the defendant has the right to make his defense in the county of his residence. Whatever may be the rule elsewhere, to require him to answer in another county is contrary to the established procedure in this state. It has been held elsewhere that the liability

of a stockholder, with respect to unpaid shares, is an individual and independent obligation, and may be greater or less, depending on the contract between the stockholder and the corporation. Upon this subject see 3 Thompson Corp. sections 3500, 3502.

II. After the motions above considered were overruled, the defendant Lund filed an answer. The plaintiff demurred to the answer, and the demurrer was sustained generally. We need not set out the answer. The judgment of the court must be reversed for the error in refusing to change the place of trial to Kossuth county. This court has held that an appeal will not lie from an order granting or refusing a change of venue, but that such an order will be reviewed on error assigned when further proceedings are had in a cause from which an appeal is taken. *Jones v. Railway Co.*, 36 Iowa, 68; *Ferguson v. Davis County*, 51 Iowa, 224 (1 N. W. Rep. 505); *Allerton v. Eldridge*, 56 Iowa, 709 (10 N. W. Rep. 252). And it is the practice in this court that where an error has occurred in granting or refusing a change of venue, the cause stands reversed because of that error. In *Bennett v. Carey*, 57 Iowa, 224 (10 N. W. Rep. 636), after determining that the court erred in ruling on a motion to change the venue, it was said: "Numerous errors in addition to the objection just considered are assigned upon the record. We are not authorized to consider them. The defendant was entitled to the judgment of the circuit court upon his motion for a new trial, and, if that had been overruled, to a trial in the same court upon the remaining issues of the case. These rights are defeated by the change of venue, and the cause was unlawfully tried in the district court. The defendant must be restored to the condition in which he can have these rights secured. This can only be done by sending the cause back to the circuit court for decision

upon the motion, and for such further proceedings as the law requires. All proceedings in the cause following and including the change of venue, were without authority of law. We cannot be required to review these unauthorized proceedings." And in *Gilman v. Donovan*, 59 Iowa, 76 (12 N. W. Rep. 779), the last-cited case was followed, and it was held that, where an order granting a change of venue was without authority of law, this court would not go further and review the unauthorized proceedings in the case subsequent to the change of venue. In the case at bar, the district court of Polk county, by erroneously overruling the motion to change the place of trial to Kossuth county, was without authority of law to proceed further with the case. All subsequent proceedings will be set aside and reversed, and the cause will be remanded to the court below, where an order should be made to change the place of trial. We express no opinion upon the sufficiency of the answer of the defendant, as a defense to the action.— REVERSED.

KINNE, J., took no part.