THE WESTERN UNION TELEGRAPH COMPANY *v.*
LOUISVILLE AND NASHVILLE RAILROAD
COMPANY ET AL.

[No. 22,908. Filed December 14, 1916.]

APPEAL.—*Reversal.*—*Judgment Based on Interlocutory Order.*—*Reversal of Order.*—*Effect.*—Where, in a condemnation proceeding, the trial court made an interlocutory order granting the prayer of petitioner for the condemnation and for the appointing of appraisers and such order was reversed on appeal, a judgment rendered on a trial on exceptions to the report of such appraisers must be reversed, since it rests solely on the interlocutory order

From Posey Circuit Court; *Herdis Clements,* Judge.

Condemnation proceedings by The Western Union Telegraph Company against the Louisville and Nashville Railroad Company and others. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens, J. E. Williamson* and *Albert T. Benedict,* for appellant.
*Philip W. Frey,* for appellees.

MORRIS, J.—Appellee owns a railroad right of way in Posey county. Appellant telegraph company instituted a condemnation proceeding to.

acquire a right of way for its telegraph line over and upon the right of way of appellee. There was a hearing, and an interlocutory order was made granting the prayer of petitioner for the condemnation and for the appointing of appraisers. From such order an appeal was taken by appellee, resulting in a reversal of the interlocutory order appointing appraisers. *Louisville, etc., R. Co.* v. *Western Union Telegraph Co.* (1916), 184 Ind. 531, 111. N. E. 802; §933 Burns 1914.

In the meantime the appointed appraisers reported appellee's damages, and appellant excepted to such report. §936 Burns 1914, Acts 1905 p. 63. A trial on the exceptions resulted in a verdict and judgment for damages against appellant for $7,000 as compensation for the use appropriated. From such judgment this appeal is prosecuted.

Since the judgment here rests solely on the basis of the interlocutory order of condemnation and appointment of appraisers, it follows that the reversal of that order by this court requires the reversal of the judgment here in question. Judgment reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 114 N. E. 406.