MURPHY *v.* DALY.

[No. 26,220.   Filed February 12, 1934.]

*L. Darrow, Earl Rowley,* and *C. V. Shields,* for appellant.

*James M. Ogden,* Attorney-General, *Merl M. Wall,* and *C. Severin Buschmann,* for appellee.

MYERS, J.—Appellant applied to the court below for a writ of *habeas corpus,* and for an order discharging him from the Indiana State Prison. The writ was issued and appellee's motion to quash the same was sustained. Appellant refused to plead further and judgment followed, remanding appellant to the custody of appellee. From this judgment, appellant perfected an appeal and assigned as error the ruling of the court quashing the writ.

The record in this case is an exceptional one, in that it appears from the petition that on April 30, 1924 appellant was tried in the Parke Circuit Court, found guilty of bank robbery and sentenced to the Indiana State Prison for a term of from 10 to 21 years. On July 16, 1930, appellant filed in the Parke Circuit Court a petition for a writ of error *coram nobis,* and the regular judge of that court, Hon. Howard L. Hancock, having been at one time counsel for appellant, disqualified himself and the Hon. Charles M. Fortune was appointed special judge who qualified and heard the case of *Murphy* v. *State ex rel.,* and found for petitioner, entered judgment granting him a new trial, and fixed his bond at $10,000. On appellant's failure to furnish bond, he was remanded to the sheriff of Parke County. Thereafter, in November, 1930, appellant, pursuant to Acts 1881 Sp. Sess. p. 240, §780; §3-1905, Burns 1933; §1023, Baldwin's 1934, applied to the Vigo Superior Court for a writ of *habeas corpus,* and while this petition was pending, Benjamin F. Stephenson, as prosecuting attorney of Parke County, applied to this court for a writ of prohibition, making Hon. Howard L. Hancock, regular judge of the Parke Circuit Court, Hon. Charles M. Fortune, special judge, and Hon. Earl Mann, sole judge of the Vigo Superior Court, parties defendant, asking that each of said defendants be prohibited from exercising any further jurisdiction in the cause

wherein the writ of *coram nobis* was granted, as also the cause asking for a writ of *habeas corpus*. This court, in cause No. 25955, *State ex rel. Stephenson* as *Prosecuting Attorney* v. *Parke Circuit Court et al.,* made the order following:

"Comes now the defendants Howard L. Hancock, as regular judge of the Parke Circuit Court, Charles M. Fortune, as special judge of the Parke Circuit Court, and Earl Mann, as regular judge of the Vigo Superior Court, and file their answers to the plaintiffs' complaint for a writ of prohibition, and, the court having examined and considered the same together with the arguments of counsel heretofore made, and being advised in the premises, it is now ordered that the temporary writ of prohibition herein issued be made permanent, and said defendants Hancock and Fortune are prohibited from entering any further order in the cause of *Francis Murphy* v. *State of Indiana,* No. 10385 in the Parke Circuit Court, and said defendants Mann and his successor in office are prohibited from entering any further order in the cause of 'In the Matter of the Petition of Francis Murphy to be Let to Bail,' filed in the Vigo Superior Court, except that none of the defendants are prohibited from vacating the entries heretofore made by them or ordering the return of said Francis Murphy to the Indiana State Prison.

(Signed)               MYERS,
Chief Justice."

This order was made pursuant to a showing, at present material, that appellant, on April 30, 1924, was convicted in the Parke Circuit Court of bank robbery, cause No. 4794, *State* v. *Francis Murphy,* on the criminal docket of that court, Omer B. Ratcliff presiding as special judge; that thereafter, in that court, a petition for a writ of error *coram nobis* was filed, numbered and entitled as was the original criminal action. On April 29, 1929, a demurrer to appellant's petition for the writ was, by Judge Ratcliff, sustained. No further steps were taken in that cause. Thereafter, on July

16, 1930, a second petition for a writ of error *coram nobis* was filed and docketed in the Parke Circuit Court as a civil action, No. 10385. The proceedings in this latter case were terminated by the action of this court in the above order which was made on the theory that all the proceedings had in cause No. 10385 were void.

The object to be attained by a writ of error *coram nobis* is a new trial, and while it is not a writ of right, yet, in its general features and in its consequences, it is closely analogous to a motion for a new trial. *Sanders* v. *State* (1882), 85 Ind. 318, 332; *Partlow* v. *State* (1921), 191 Ind. 657, 134 N. E. 483; *State ex rel. Lopez* v. *Killigrew* (1930), 202 Ind. 397, 174 N. E. 808.

This court has held that the application for a writ of error *coram nobis* must be filed as "a part of the proceedings of the cause to which it refers" and in the court that rendered the judgment. *Partlow* v. *State, supra; Berry* v. *State* (1930), 202 Ind. 294, 303, 165 N. E. 61, 173 N. E. 705.

But, while the foregoing statement is well settled, it may be said that it does not necessarily follow that the judge rendering the judgment must hear the application for the writ. For aught appearing, Judge Ratcliff, although a special judge, never lost jurisdiction to hear and determine any question pertaining to the final termination of cause No. 4794. It is true he rendered final judgment in that case April 30, 1924, but since we permit a final judgment in a criminal case to be challenged by a proceeding for a writ of error *coram nobis,* unlimited as to time within which the writ lies, it cannot be said that its disposition would not be an act pertaining to the final disposal of the case according to law. *Woodsmall* v. *State* (1913), 181 Ind. 613, 105 N. E. 155, 899.

In the Stephenson case it affirmatively appeared, as

it does in the complaint in the instant case, that the second petition for a writ of *coram nobis* was not filed as a part of the proceedings in criminal cause No. 4794, nor was it then, or by the instant complaint, shown that Judge Ratcliff refused to hear the second petition, or that he was in any manner disqualified to hear the same. We now reaffirm that under those circumstances, Judge Fortune was without jurisdiction to grant the writ. In favor of our conclusion, we adopt the language used by the court in the case of *Ernst* v. *State* (1923), 181 Wis., 155, 158, 193 N. W. 978, as follows: "Wherever possible, the judge who heard the case should pass upon the allowance of such a writ, because a refusal may in part be based upon his knowledge of the facts that occurred upon the trial. It is a petition addressed to his discretion, claiming that an error of fact intervened before judgment. He should be satisfied that there is at least reasonable grounds for believing that the petition is true." In *Chapman* v. *North American Ins. Co.* (1920), 292 Ill. 179, 126 N. E. 732, it was said: "At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment." See also, *McGrath & Swanson Const. Co.* v. *Chicago Rys Co.* (1929), 252 Ill. App. 476.

As to the *habeas corpus* proceeding in the Vigo Superior Court, Judge Earl Mann presiding, it is true that at that time appellant was in the custody of the sheriff of Parke County, but since the proceedings in cause No. 10385 were void, such sheriff, as a matter of law, must be regarded as having had the custody of appellant as a representative of the warden of the Indiana State Prison. Appellant was

therefore in charge of the warden under the sentence and committment issued by the Parke Circuit Court in cause No. 4794, which appears to be in full force and effect. We judicially know that the Indiana State Prison is located in LaPorte County wherein there is a circuit and a superior court, either of which has exclusive jurisdiction to issue writs of *habeas corpus* on application of any one restrained of his liberty in such prison. Acts 1881, *supra; Ex Parte Wiley* (1871), 36 Ind. 528. Hence, the Vigo Superior Court was without jurisdiction to entertain appellant's application for a writ of *habeas corpus*.

In the case at bar appellant rests his right to a discharge from the State Prison on the judgment of Judge Fortune granting him a new trial. Our order in the Stephenson case making the writ of prohibition permanent had the effect of confining the criminal and civil side of the Parke Circuit Court to its respective lawful jurisdiction. Acts 1915, p. 207, §1; §3-2201, Burns 1933.

The foregoing comment requires us to sustain the ruling of the court below quashing the writ in the present case.

Judgment affirmed.