## STATE EX REL. WITTE *v.* SMITH, JUDGE

[No. 27,749. Filed December 10, 1942.]

*John R. Witte, pro se.*

PER CURIAM.—Relator by his petition asks respondent to grant relator's requests, first, for the appointment of counsel at public expense, second, for appointment of a special judge and, third, a hearing upon his petition for a writ of error *coram nobis* now pending in respondent's court. Relator is not entitled to the appointment of counsel at public expense. *State ex rel. Jones* v. *Hornaday, Judge,* No. 27,783, *post* p. 645, this day decided. He admits in his petition that the writ of error *coram nobis* may be reviewed only by the court that sentenced him and in which his petition for writ of error *coram nobis* is pending. In *Murphy* v. *Daly* (1934), 206 Ind. 179, 183, 184, 188 N. E. 769, this court adopted the language of the Supreme Court of Wisconsin as follows: " 'Wherever possible, the judge who heard the case should pass upon the allowance of such a writ, because a refusal may in part be based upon his knowledge of the facts that occurred upon the trial. . . .' " In the same case it is said, "The object to be attained by a writ of error *coram nobis* is a new trial, and while it is not a writ of right, yet, in its general features and its consequences, it is closely analogous to a motion for new trial." It does not appear from relator's petition whether or not the present judge of the La Porte Circuit Court was the judge who presided at the trial when relator was convicted. If he was, the reasoning of the Wisconsin quotation is applicable. In any event, because

of the analogy between a petition for writ of error *coram nobis* and a motion for new trial, we think that a change of venue is not permitted. See also *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 33 N. E. (2d) 771. Since it appears that the only relief to which relator is entitled is a hearing on his application for the writ of error *coram nobis* and such a hearing has been set for the 12th day of December, 1942, by the presiding judge in said court, there is no occasion for a writ of mandate. The petition is denied.

NOTE.—Reported in 45 N. E. (2d) 204.