STATE EX REL. MEYER, PROSECUTING ATTORNEY,
v. YOUNGBLOOD, CIRCUIT JUDGE.

[No. 27,862. Filed April 30, 1943.]

James H. Meyer, of Indianapolis, for petitioner.

Theodore Lockyear, of Evansville, for respondent.

FANSLER, J.—This is an original action for a writ prohibiting the Hon. Nat. H. Youngblood, regular Judge of the Vanderburgh Circuit Court, from exercising jurisdiction to hear three separate petitions for writs of error *coram nobis* filed in three separate cases in which the petitioners were convicted of felonies in the Vanderburgh Circuit Court prior to the beginning of the term of the present regular judge. The criminal cases in which the judgments of conviction sought to be vacated are entered were tried before the Hon. John W. Spencer, Jr., then the regular judge, and the Hon. Oscar Lanphar, and the Hon. Phil C. Gould, special judges. Upon the filing of the petition, a temporary writ of prohibition issued.

It is conceded that the judges who tried the cases in

which the judgments of conviction were rendered are available.

It must be considered as settled by *State ex rel. Witte v. Smith, Judge* (1942), 220 Ind. 536, 45 N. E. (2d) 204, and the cases there cited, that jurisdiction to hear and determine the merits of the questions presented by a petition for a writ of error *coram nobis* is in the judge who presided when the judgment in the criminal case was entered if he is available.

Some confusion seems to have arisen out of certain language in *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. (2d) 601, which seemed to indicate that the *coram nobis* proceeding is a new and independent action. These statements were made *arguendo* to support the expressed conclusion that the prosecution of the defendant was concluded, and that the defendant and not the State was the moving party, and the constitutional provision that he be provided with counsel no longer applied. It has been said repeatedly that a *coram nobis* proceeding is in the nature of a motion for a new trial, and that it is in the nature of a civil action, but that it must be addressed to the court that entered the judgment. It is in fact an incident to the principal case. The facts brought forward to support the petition must be weighed and considered in the light of what transpired at the trial for the purpose of determining whether, if known, they would have prevented the judgment of conviction. This has led to the conclusion that, as in the case of the motion for a new trial based upon newly discovered evidence, the judge who presided at the original trial is in the best position to determine the matter. The language of the *Cutsinger* case, *supra,* was not designed to indicate a departure from the rule an-

nounced in *Murphy* v. *Daly* (1934), 206 Ind. 179, 188 N. E. 769, and its use in connection with a different question was unnecessary.

The respondent judge is prohibited from assuming jurisdiction to act upon the petitions for writs of error *coram nobis* unless and until it is made to appear that the judge who presided when the judgment was entered is unavailable.

NOTE.—Reported in 48 N. E. (2d) 55.