STATE EX REL. EMMERT, ATTORNEY GENERAL *v.* GENTRY, CIRCUIT JUDGE.

[No. 28,109. Filed October 9, 1945.]

*James A. Emmert,* Attorney General, *Frank E.*

*Coughlin* and *Forrest P. Jones,* Deputy Attorneys General, for petitioner.

*Cassius M. Gentry, pro se.*

O'MALLEY, J.—This is an original action seeking to mandate Cassius M. Gentry as Judge of the Hamilton Circuit Court to grant a change of venue from the judge on issues raised under a petition for writ of error *coram nobis.*

The petition sought to set aside a judgment of the Hamilton Circuit Court wherein the petitioner, David C. Stephenson, was adjudged to be guilty of murder in the second degree. The respondent refused to grant the change on the theory that the proceeding was merely a part of the original criminal action, and further that no change was permissible under the prior holdings of this court.

It has been held that a proceeding for writ of error *coram nobis* is in the nature of a new, civil action, but must be filed and tried as a part of the proceeding in the original cause and the court which rendered the judgment of which complaint is made. 24 C. J. S. 146, 2 R. C. L. 305, 310.

In *State ex rel Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 155, 41 N. E. (2d) 601, 603, this court stated that,

".  .  . under the great weight of reason and authority, the petition for the writ of error *coram nobis* must be considered a new proceeding, civil in nature,—a remedy by which relief may be had · from an unconscionable judgment."

In *Quinn* v. *State* (1936), 209 Ind. 316, 198 N. E. 70, it was held that a proceeding of this kind is on the civil side of law and not on the criminal side. Furthermore it is stated in 30 A. L. R. 686 (annotation) that,

". . . the writ of error *coram nobis* is a common-law remedy afforded upon application to the trial court, for the correction of errors of fact, unknown at the time of trial to the party seeking relief and to the court."

It must be taken as a remedy given to lighten the harshness of the old law, and with all the limits and safeguards as it was originally used. Under the common law it was not triable by jury and since under our Constitution only those actions are triable by jury which were so triable at common law or so made by statute, a jury cannot be demanded or awarded.

We have repeatedly held that a *coram nobis* proceeding is in the nature of a motion for a new trial and that it is also in the nature of a civil action. It is in the nature of the former because its object is to secure the setting aside of a judgment and a retrial of the matter upon which judgment had been rendered. It is in the nature of the latter because it presents a new and different cause for trial wherein the burden of proof is on him who requests relief from the judgment. It is not a trial of the original cause, but merely a determination of whether or not some fact or facts were in existence but unknown to the moving party and to the court which, if known, would have caused the court to rule differently.

While in the instant case the judgment involved is one rendered in a criminal cause, the purpose of the proceeding is to set aside the judgment and it is immaterial that the judgment is the outcome of a criminal action. We do not believe that it can be classified as a criminal action merely because it attacks a judgment obtained in that kind of a case, and as a civil action when attacking a civil judgment.

In *State ex rel. Sawa* v. *Criminal Court of Lake Co.* (1942), 220 Ind. 4, 40 N. E. (2d) 971, this court held that the proceeding for writ of error *coram nobis* is not a continuation of the criminal case, and that the state need not furnish counsel or copies of records to enable a "claimed poor person" to carry on his action to deprive the state of rights concerning his liberty.

In *State ex rel. Witte* v. *Smith, Judge* (1942), 220 Ind. 536, 45 N. E. (2d) 204, this court held that the petitioner was not entitled to a change of judge. The opinion states that the record did not show whether or not the trial judge and the judge from whom the change was requested were one and the same. In the absence of a showing that the judges were not identical, this court had the right to assume that it was an attempt on the part of the petitioner to secure a change of venue from the particular judge who tried the original case, and it seems to us that the authority of this case should be limited to those cases wherein a change of venue is requested from the presiding judge in the original action.

In *State ex rel. Meyer* v. *Youngblood* (1943), 221 Ind. 408, 48 N. E. (2d) 55, this court recognized an apparent confusion in its prior decisions on the subject of *coram nobis* proceedings. There it is said that statements made in *State ex rel. Cutsinger* v. *Spencer, Judge, supra,* were made *arguendo* to express the conclusion of the court that the prosecution of the defendant was concluded by the judgment and the state was no longer the moving party. In that case comment was also made on the fact that a proceeding of this sort is in the nature of a motion for a new trial and likewise in the nature of a civil action, but it must be addressed to the court that entered the judgment and that it is but an incident to the original case.

These statements are made *arguendo* to express the conclusions of the court, and clearly show that the purpose and course of a *coram nobis* proceeding is being gradually evolved from the application of logic to the facts of specific cases.

The judge who tried the original action is by experience and knowledge of the proceedings in the original action peculiarly fitted to try any issues which may be raised concerning the judgment which he has entered. He was accepted as an impartial judge either by failure to take a change, by failure to show a sufficient reason for a change, or because of a change having been granted. In any event his position is that of an impartial judge and when he is available certainly no change should be permitted in the *coram nobis* proceeding which follows. However, when the judge in the original action is not available, a different condition exists. Under such condition, the judge secures jurisdiction to try the matter by reason of being the then presiding judge of the court. He has no special knowledge of or experience in the original action and his position from that standpoint is not superior to that of any other qualified and legally selected judge. Under § 2-1402, Burns' 1933, a change from the judge is mandatory on a proper showing in any matter of a civil, statutory, or equitable nature not triable by a jury. This section seems to include all proceedings where issues are formed outside of the criminal branch of law. It may be that there are exceptions created by statute or by the history of the proceeding. But in the instant case, it matters little what particular name is applied to this proceeding or whether it is civil or equitable in its nature, the right to a change cannot be denied.

It is therefore ordered that Cassius M. Gentry, as

judge of the Hamilton Circuit Court is directed to sustain the affidavit and motion of petitioner for change of venue heretofore filed in said court in criminal cause No. 4321, entitled State of Indiana v. David C. Stephenson, and to expunge from his docket the order heretofore entered denying the same.

Gilkison, J., dissenting with opinion.

NOTE.—Reported in 62 N. E. (2d) 860.

## DISSENTING OPINION.

GILKISON, J.—This is an original action brought by the State of Indiana on the relation of James A. Emmert, Attorney General of Indiana, against Cassius M. Gentry, as Judge of the Hamilton Circuit Court. The relator seeks a judgment of this court mandating the respondent to grant the State of Indiana a change of venue *from the respondent judge* in a proceeding now pending in the court of said judge, in which the issue is as follows:

David C. Stephenson was duly charged in said court by indictment with the crime of murder in the first degree. He was tried in said court by jury, found guilty of murder in the second degree and sentenced to the state prison for life, nearly 20 years ago, and is now serving said sentence. He has filed a petition *(pro se)* for writ of error *coram nobis* in said court. The State filed a demurrer to this petition, which after argument and consideration, was overruled by the court. The State then, by the Prosecuting Attorney of the circuit, filed a verified motion for change of venue from the judge. This motion is based on the 7th clause of § 2-1401, § 2-1424, § 9-1304 and § 9-1316, Burns' 1933. It was overruled by the court. Thereupon this original action was filed.

When a proper application is seasonably made for a change of judge, in a proper proceeding, such change must be granted. It would be *prejudicial error* to refuse it, *and the error will be corrected on appeal.* This proposition is so clear that the citation of authorities would be superfluous.

It has been the recent holding of this court, under § 3-2201, Burns' 1933, that when a proper motion for change of venue from the county or from the judge has been filed, in a proper case, and denied by the court, this court may mandate the judge to grant the motion. *State ex rel. Dailey* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 18 N. E. (2d) 770; *State ex rel. Williams Coal Co.* v. *Duncan, Judge* (1937), 211 Ind. 203, 6 N. E. (2d) 342; *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971; *State ex rel. VanHorne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672; *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, 184 N. E. 776; *State ex rel. McGarr* v. *DeBaun, Judge* (1926), 198 Ind. 661, 154 N. E. 492.

However, this court derives all its jurisdiction from the Constitution of our state.

Article 7, § 4 of our State Constitution provides as follows:

"Jurisdiction.—The Supreme Court shall have jurisdiction co-extensive with the limits of the state, in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. *It shall also have such original jurisdiction as the General Assembly may confer.*" (Our italics.)

Therefore, all our original jurisdiction must come from acts of the General Assembly.

The only original jurisdiction conferred on this court

in mandamus actions by the General Assembly, is contained in § 3-2201, Burns' 1933, and reads as follows:

" . . . . Writs of mandate and prohibition may issue out of the Supreme and Appellate Courts of this state in aid of the appellate powers and functions of said courts respectively. Such writs of mandate may issue out of the Supreme Court to the circuit, superior, criminal, probate, juvenile, or municipal courts of this state, respectively, compelling the performance of any duty enjoined by law upon such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, including *the granting of changes of venue from the county* in cases where *such change of venue* is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; . . . ."
(Our italics.)

It will be noted that the General Assembly has been cautious about granting original jurisdiction to this court, and that under the Constitution we have no original jurisdiction but that conferred by the General Assembly. It likewise will be noted that it has conferred jurisdiction upon this court to mandate the courts named to grant *changes of venue from the county* only, and in the instances specified only. It likewise will be noted that the General Assembly has at no time conferred jurisdiction upon us to mandate any court to grant a motion for change of venue from the judge. The fact that it expressly conferred jurisdiction upon us to mandate the granting of changes of venue from the county, without expressing anything about conferring jurisdiction to mandate the granting of changes of venue from the judge, was an expressive and positive method of withholding that jurisdiction from us. The Generaly Assembly thereby merely required us to put to practical use an old legal maxim; *"expressio unius est exclusio alterius."*

"It is a fundamental rule in the construction of statutes, that where one thing is mentioned it is to the exclusion of all others."

and also,

"that which is expressed makes that which is silent to cease."

*Princeton Coal Co.* v. *Fettinger* (1916), 185 Ind. 675, 113 N. E. 236, 114 N. E. 406; *State* v. *Patterson* (1914), 181 Ind. 660, 665, 105 N. E. 228; *Gougar* v. *Timberlake* (1897), 148 Ind. 38, 48, 46 N. E. 339, 37 L. R. A. 644, 62 Am. St. Rep. 487; *The State* v. *Arnold* (1894), 140 Ind. 628, 632, 38 N. E. 820; *Branson* v. *Studabaker* (1892), 133 Ind. 147, 33 N. E. 98.

The rule is well stated in 59 C. J. 984, § 582:

"In accordance with the maxim, '*expressio unius est exclusio alterius*,' where a statute enumerates the things upon which it is to operate, . . . it is to be construed as excluding from its effect all those not expressly mentioned."

We could not take further cognizance of relator's action herein without usurping a jurisdiction which is thus withheld from us by the Constitution and laws of the state. We should not attempt or desire to enlarge our jurisdiction in this manner. To do so is to trample upon the most sacred traditions of the law.

The writer of this opinion is aware of the fact that in at least four of the cases hereinbefore cited it has been held that a writ of mandate may issue from this court compelling the granting of a change of venue from the judge in the trial courts named in the statute. But we believe this has been due to a misunderstanding of the statute, treating it as though it gave us jurisdiction to mandate the granting of motions for change of venue from the judge as well as from the county. It will

be noted that the statute authorizes writs of mandate to issue to the courts named "compelling the performance of any duty enjoined by law" upon such courts. When a motion for change of venue from the judge is filed, it is the duty of the court within a reasonable time to pass upon the motion by sustaining or denying it. Should it fail or refuse to do so, it can be mandated to do so by this court by virtue of this statute. But this court is without jurisdiction in an original action to tell the lower court how to rule on such a motion. When a proper motion for change of venue *from the county* is timely filed, in a proper case, and the motion has been denied by the court, this court, *solely by virtue of this statute,* can mandate the court and judge, in an original action, to grant it.

If we take cognizance of relator's original action, notwithstanding our total lack of jurisdiction, we should be bound by the laws applicable to mandamus in this and the other states of the union. This law is well expressed as follows:

> "The writ of *mandamus* is an extraordinary writ which can be issued only to compel the performance of clear legal duty. The duty to do an act must be absolute and imperative and not dependent on the exercise of discretion or upon judicial determination. (Authorities.)
>
> "If the act is discretionary in its nature, or if the party charged with a duty is required to exercise judgment or to act judicially in determining whether the duty does or does not exist, the manner in which such a discretionary or judicial act is to be performed can not be controlled by the writ. Ordinarily such a writ cannot serve as a means for reviewing a judicial decision *nor to take the place of an appeal or a writ of error.*" (Authorities.) (Our italics.)

*State ex rel. Farmers Loan and Trust Company* v. *Wrigley, Judge* (1918), 187 Ind. 78, 81, 82, 118 N. E. 353; *Borgman, Treas.* v. *State ex rel. Rodenback* (1937), 211 Ind. 395, 399, 5 N. E. (2d) 522.

It is the duty of this court to deny a petition to mandate a judge to grant a motion for change of venue seasonably made, when the petition does not show that the action is of such character as would authorize the granting of a change of venue. *State ex rel. Waggoner et al.* v. *Judge of Porter Superior Court* (1942), 220 Ind. 3, 39 N. E. (2d) 944.

We may therefore examine the legal nature of the matter pending before the respondent judge and in which the petition for change of venue from the judge has been overruled.

In 31 Am. Jur., page 322, § 799, we find:

> "The proceeding under a writ of *coram nobis* or *coram vobis* is regarded as civil in nature, and sometimes as a part of the proceedings in the case to which it refers, and sometimes as in the nature of a new adversary suit . . ."

From the same work, Vol. 2, page 932, § 136 we quote:

> "Writ of *Coram Nobis* or *Vobis*.—A judgment in the court below on a writ of error *coram vobis* can not be reviewed; *it is merely a decision on a collateral motion.*" (Our italics.)

See *Picketts Heirs* v. *Ledgerwood et al.* (1831), 7 Peters (U. S.) 144, 32 U. S. 144, 8 L. Ed. 638.

Recently as a safeguard against error we provided for an appeal from a final ruling either granting or denying a motion for writ of error coram nobis (see Rule 2-40).

In 67 C. J. 136, § 225, we quote:

"The statutes in many jurisdictions authorize a change of venue in civil causes, or in civil suits or actions . . . . *The proceeding must constitute an independent right or cause of action, and not a mere incident to, or continuation of, the main case.*" (Our italics.)

*Heather* v. *City of Palmyra* (1925), 311 Mo. 32, 276 S. W. 872; *Robinson* v. *Robinson* (1916), 268 Mo. 703, 186 S. W. 1032; *Cole* v. *Cole* (1901), 89 Mo. App. 228; *Giett* v. *McGammon Mercantile Co.* (1898), 74 Mo. App. 209; *Gilman, Adm'r* v. *Donovan* (1882), 59 Iowa 76, 12 N. W. 779; *State ex rel. Williams* v. *Gratiot* (1863), 17 Wis. 253.

In *Gilman, Admr.* v. *Donovan, supra,* on a similar question the Iowa Supreme Court said:

"We are to inquire whether the change of venue was lawfully allowed in this case. The proceeding by petition to set aside a judgment and for a new trial is authorized by Code, section 3154. The part thereof material to our present inquiry is in the following language: . . . .

"It will be observed that the proceedings authorized under this statute are in the nature of a writ of error *coram nobis,* and are provided for the review of a case after final judgment in the very court wherein it was rendered. By the express terms of the statute quoted, jurisdiction of this proceeding is conferred upon the court wherein the judgment was rendered; all other courts by these terms are excluded. *Expressio unius est exclusio alterius.*

"The proceeding is not in the nature of a new or independent action, but is supplementary and intended to correct errors committed in the trial of a cause and the rendition of the judgment. It is of the same character as all proceedings for new trials, the correction of records, etc., wherein the court committing the error corrects them. In this proceeding the law requires the very court rendering judgment to review its decision; the case can-

not therefore be transferred to another court for that purpose.

"It follows that the statute authorizing change of venue is not applicable to the supplementary proceeding before us in this case.

"The Circuit Court is the forum in which the issues upon plaintiff's petition should have been tried. Plaintiff has the right to a trial of these issues there. That he may not be deprived of that right the cause must be remanded to that court."

Our court has repeatedly held that a petition for writ of error *coram nobis* is in its general features and in its consequences closely analogous to a motion for new trial. *State ex rel. Witte* v. *Smith, Judge* (1942), 220 Ind. 536, 45 N. E. (2d) 204; *State ex rel. Lopez* v. *Killigrew* (1931), 202 Ind. 397, 403, 174 N. E. 808, 74 A. L. R. 631; *Berry* v. *State* (1929), 202 Ind. 294, 303, 304, 173 N. E. 705, 72 A. L. R. 1177; *Trattner* v. *State of Indiana* (1916), 185 Ind. 188, 113 N. E. 243; *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Sanders* v. *The State* (1883), 85 Ind. 318, 44 Am. Rep. 29.

As recently as April 30, 1943, the Witte case was approved and this court further said:

"It has been said repeatedly that a *coram nobis* proceeding is in the nature of a motion for new trial, and that it is in the nature of a civil action, but that it must be addressed to the court that entered the judgment. *It is in fact an incident to the principal case.*" (Our italics.)

*State ex rel. Meyer* v. *Youngblood, Judge* (1943), 221 Ind. 408, 410, 48 N. E. (2d) 55.

When the motion for change of venue from the judge was filed, it was the duty of the respondent judge to ascertain whether the pending proceeding was one in

which such a change of venue is permitted. This he seems to have done. This required judicial determination. He evidently examined the recent case of *State ex rel. Witte* v. *Smith, Judge, supra,* and says he followed our holding in that case. In that case, as the crux of the opinion, and for the guidance of Indiana Courts, we quoted in part from *Murphy* v. *Daly* (1934), 206 Ind. 179, 183, 184, 188 N. E. 769 as follows:

"In *Murphy* v. *Daly* (1934), 206 Ind. 179, 183, 184, 188 N. E. 769, this court adopted the language of the Supreme Court of Wisconsin as follows: 'Whenever possible, the judge who heard the case should pass upon the allowance of such a writ, because a refusal may in part be based upon his knowledge of the facts that occurred upon the trial . . . '

"In the same case it is said, 'The object to be attained by a writ of error *coram nobis* is a new trial, and while it is not a writ of right, yet, in its general features and its consequences, it is closely analogous to a motion for new trial.' It does not appear from relator's petition whether or not the present judge of the LaPorte Circuit Court was the judge who presided at the trial when relator was convicted. If he was, the reasoning of the Wisconsin quotation is applicable. *In any event, because of the analogy between a petition for writ of error coram nobis and a motion for new trial, we think that a change of venue is not permitted.*" (Our italics.)

In that case, precisely the same question was presented as in this case. There is nothing substantial to distinguish the question then presented from the question presented now. It is the only expression of our court on this precise question. It is the duty of a circuit court to follow the decisions of this court. Such court would be open to adverse criticism should it fail or refuse to do so. The respondent seems to have

followed the case of *State ex rel. Witte* v. *Smith, supra,* with proper precision.

It may be said that the State ex rel. Witte case should be distinguished from the case at bar. When may a case be distinguished?

"Distinguish. To point out an essential difference; to prove a case, cited as applicable, inapplicable."

Black's Law Dictionary.

This definition is quoted with approval in 27 C. J. S., page 360.

It is the duty of a court in attempting to distinguish a case to point out an *essential* and *material* difference between the case distinguished and the case decided. In no other way can it be shown that a case cited as applicable is, in fact, inapplicable.

The only difference between the *State ex rel. Witte* v. *Smith, Judge,* case and the instant case, is (a) in the names of the parties; (b) in the Witte case the motion for change of venue from the judge was filed by the defendant, in this case it was filed by the State; (c) in the Witte case it did not appear from relator's petition whether the respondent judge was the same that tried the case, in this case the respondent judge is the regular judge of the circuit where the case was tried and is pending. The special judge before whom the case was tried is admittedly not available. We have already quoted what we said in the Witte case, which is applicable here.

It will be noted that there is no essential or material difference in the issue presented in the Witte case and that presented in the case now before us. No proper reason for distinguishing the Witte case exists. I think the reason given for the decision in the Witte

case is an eminently correct statement of the law applicable to the question there presented. Since precisely the same question is presented in this case it is decisive of the question presented here. Distinguishing the Witte case, in order to reach a different result in this case, of necessity means in practice that the Witte case is overruled.

The Witte case was decided December 10, 1942. It is the last, and in fact the only, decision of this court on the precise question presented in this case. It was quoted with approval April 10, 1943, in *State ex rel. Meyer* v. *Youngblood, Judge,* 221 Ind. 408. I think the respondent was fully justified in basing his ruling upon our decision in that case. I further think it is our duty to stand firmly upon the law as there stated, and should we not do so, I feel that the error is ours and not that of the respondent. I do not think we should change the law, by a decision in this original action, during the progress of the case in respondent's court. This case presents no sufficient reason for a departure from the regular constitutional procedure of this court, or from the law as frequently and consistently declared by it on this subject up to this time.

I do not believe a petition for writ of error *coram nobis* constitutes a new or independent cause of action. On the contrary it is but a collateral motion in the main action, that may or may not result in a new trial of the main action. *Berry* v. *State, supra; State ex rel. Witte* v. *Smith, Judge, supra; State ex rel. Meyer* v. *Youngblood, supra.*

Under the pleadings existing, we can not say that it was the absolute and imperative duty of the respondent judge to grant the motion for change of venue from the judge. We can not say that he was not required to act judicially in determining whether the duty to grant

the change existed or not. We have no right, in this original action; to tell him how to perform a judicial act, nor can we review his judicial decisions. That can be done only on appeal.

I think our decision in *State ex rel. Witte* v. *Smith, supra,* correctly states the law on the question presented. In that case, we held that a change of venue from the judge is not permitted in a *coram nobis* proceeding. We should follow that decision. Neither party to such a proceeding is entitled to such change of venue. The temporary writ should be dissolved and a permanent writ should be denied.

Note.—Reported in 62 N. E. (2d) 860.