**BRUNO v. UNITED STATES.**

**SKEENS v. UNITED STATES.**

Nos. 10260, 10261.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1949.

Decided Jan. 23, 1950.

Mr. James J. Laughlin, Washington, D. C., for appellants.

Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Arthur J. McLaughlin, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee. Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and PROCTOR, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The appellants, John J. Bruno and James T. Skeens, were indicted on March 7, 1949, by a grand jury of the District of Columbia

for assault with a dangerous weapon and for carrying an unlicensed pistol. According to an order entered on April 11, 1949, in the United States District Court, the appellants appeared that day in person and by attorney and, with the approval of the court and the consent of the attorney for the United States, waived the right to a trial by jury and submitted themselves to trial by the court. Thereupon Judge Henry A. Schweinhaut, before whom the appellants appeared, after hearing the evidence, found Bruno guilty of simple assault and carrying an unlicensed pistol and found Skeens guilty as charged. Their sentences, pronounced on April 29, 1949, were filed on May 2, 1949. Notices of appeal to this court were filed on May 7.

Thereafter the appellants obtained new counsel who filed in the District Court on May 16, 1949, a motion to vacate and set aside the judgment and to award a new trial before a jury, on the ground there had been no valid waiver of the right to a jury trial. This motion came on for hearing on May 24, 1949, before Judge Schweinhaut, who heard evidence thereon until it became apparent that it might be necessary for him to testify; whereupon he certified the motion to Chief Judge Bolitha J. Laws of the District Court.

The motion was fully heard on June 23, 1949, by Judge Laws, who filed the following memorandum on June 28: "On the evidence adduced in support of Motion to Vacate and set aside Judgment and to Award a New Trial, I find that at the time the trial of the above-named defendants was about to commence, the said defendants knowingly signed a waiver of trial by jury, that previously their counsel had discussed the matter with defendants, and obtained their assent to a trial by judge without a jury. Motion to Vacate and set aside judgment and to Award a New Trial, accordingly, will be overruled."

The appellants did not appeal from the order, entered pursuant to the foregoing memorandum, which denied the motion to vacate their sentences. They were content simply to add to the transcript of the proceeding in which they were convicted, and with respect to which they had already appealed, a transcript of the proceeding had in connection with the motion to vacate the sentences. Thus the appellants assumed that their motion to vacate was a part of the original criminal proceeding. Whether this assumption was correct is the question before us.

■ A motion for a new trial in a criminal case under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., is a part of the original proceeding, as is the district court's ruling thereon. But such a motion, unless it be on the ground of newly discovered evidence, must be made within five days after verdict or finding of guilty or within such further time as the court may fix during the five-day period.

Appellants' motion to vacate which is now under consideration was not on the ground of newly discovered evidence. It was not made within five days after the finding of guilty, and the District Court did not enlarge the time during the five-day period. The motion to vacate, therefore, was not a motion for a new trial under Rule 33. It was made too late to be received as such a motion and indeed did not purport to be such.

■ The motion to vacate was permitted, however, under a Code provision (28 U.S. C.A. § 2255), which is, in pertinent part, as follows:

"A prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, * * * or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"* * * If the court finds that the judgment was * * * open to collateral attack, or * * * vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

*   *   *   *   *   *

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

As the reviser of the Judicial Code pointed out in his note to § 2255, "This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus."

Courts have not been in agreement as to whether the writ of *coram nobis* was a separate proceeding, distinct from that in which was entered the final judgment which it sought to correct.[1] However that may be, the motion to vacate permitted by the Code section, although in the nature of *coram nobis*, is not that writ, and its nature and meaning must be ascertained from the terms of the statute.

We observe that the language of § 2255 shows Congress intended the motion to vacate thereunder for use only when the original judgment sought to be corrected thereby is subject to collateral attack. The section permits the attack to be made at any time, regardless of the limitation of Rule 33, and provides "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

■■ We hold, therefore, that a motion made under § 2255 is the beginning of a new proceeding, independent of that in which the judgment it attacks was entered. Since the appellants did not appeal from the order denying their motion to vacate, the proceedings had with respect to the motion should not have been included in the record of the original case which was in fact appealed, and the order of denial is not before us for review.

■ Moreover, we should have no difficulty in affirming the order which denied the motion to vacate, if an appeal therefrom had been taken. The finding made by the district judge that there had been a valid waiver of the right to a jury trial was not clearly erroneous but was supported by substantial evidence and, we think, by the preponderance of the proof.

Appeal dismissed.

1. "The proceeding under a writ of error coram nobis * * * is regarded as civil in its nature, and sometimes as a part of the proceedings in the case to which it refers, and sometimes as in the nature of a new adversary suit." 31 Am. Jur., Judgments, § 799.

In State ex rel. Emmert v. Gentry, 1945, 223 Ind. 535, 62 N.E.2d 860, 861, 161 A.L.R. 532, it was held that "* * * a proceeding for a writ of error coram nobis is in the nature of a new, civil action, but must be filed and tried as a part of the proceeding in the original cause * * *."

See also 24 C.J.S., Criminal Law, § 1606(a), (b) (2).