SOUERDIKE *v.* STATE OF INDIANA.

[No. 28,863.   Filed October 14, 1952.]

*James C. Cooper* and *Richard Given*, Public Defenders of Indiana, for appellant.

*J. Emmett McManamon*, Attorney General; *William T. McClain* and *John Ready O'Connor*, Deputy Attorneys General, for appellee.

DRAPER, J.—On the night of December 5, 1936, one Charles Basch was shot and greviously wounded during an attempt to rob him in his own home. The appellant was arrested there. On January 5, 1937, an affidavit was filed which charged appellant with the commission of the crime. On January 14, 1937, he was sentenced to imprisonment for life upon his plea of guilty. Two accomplices were later apprehended and convicted.

In July, 1951, this petition for writ of error *coram nobis* was filed. By it, the appellant seeks to withdraw his plea of guilty so that a plea of not guilty can be entered and a trial of the criminal case had. An issue of fact was joined and the appellant was returned to Dubois County for the trial of that issue.

The appellant bases his right to relief upon the assertions that he was held in jail incommunicado for thirty days; and that he entered his plea of guilty without benefit of counsel, without being advised of his constitutional rights, and because he was promised an early release from prison if he would enter such a plea.

By appellant's own admissions it appears that he was visited in the county jail several times by his wife and children during the time he is supposed to have been held incommunicado. The evidence most favorable to the appellee discloses that the appellant had been fully advised of his constitutional rights before the plea was accepted, that he refused the assistance of counsel beyond what assistance he actually received, and that his claim of promises of early release from prison were unfounded.

The record thus presents a case of conflicting evidence which has been heard and considered by the trial court. This court will not weigh conflicting evidence. *State* v. *Lindsey* (1952), 231 Ind. 126, 106 N. E. 2d 230; *Sells* v. *State* (1952), 231 Ind. 137, 107

N. E. 2d 264; *Sessler* v. *State* (1944), 222 Ind. 608, 56 N. E. 2d 851; *Garrett* v. *State* (1939), 216 Ind. 52, 22 N. E. 2d 981. The case comes to us with the presumption that the correct result was reached. The burden is upon appellant to overthrow that presumption. *Sells* v. *State, supra; Garrett* v. *State, supra.* A *coram nobis* proceeding is in the nature of a civil action. *State ex rel. Meyer* v. *Youngblood* (1943), 221 Ind. 408, 48 N. E. 2d 55; *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 62 N. E. 2d 860. The appellant had the burden of proof. He occupies the position of an unsuccessful moving party. The decision as to him is a negative one which may not be attacked on the ground that there is a lack of evidence to sustain it. If the evidence entitled him to relief which was denied him, it is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, and it is only where the evidence is without conflict and leads to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as being contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, and cases cited. Under those rules, the judgment must be affirmed.

Judgment affirmed.

Emmert, J., not participating.

NOTE.—Reported in 108 N. E. 2d 136.